### Rindskoff & Bro. v. Curran.

1. Intoxicating liquors: ILLEGAL CONTRACTS. In an action to recover the price of intoxicating liquors sold by a person living in another State to a citizen of this, the jury may find that the sales were unlawful under evidence that the seller knew of the existence of our prohibitory liquor law, and that the purchaser intended to sell the liquor in violation of the provisions thereof.

2. **Instructions:** WANT OF APPLICABILITY. The submission to the jury of a material question in respect to which there is no evidence, is prejudicial error.

*Appeal from Winneshiek Circuit Court.*

THURSDAY, JULY 24.

ACTION for the recovery of $429.89, the value of liquors sold to defendant. Defense that plaintiffs' claim is for intoxicating liquors sold defendant by plaintiffs, for the purpose of being sold in Iowa contrary to law, of which plaintiffs had notice before the sale. Jury trial. Verdict for defendant. Motion for a new trial overruled. Judgment upon the verdict. The plaintiffs appeals. The necessary facts are stated in the opinion.

*Morse & Brown* for the appellants.

*L. Bullis* for the appellee.

DAY, J. — I. The action is brought to recover the value

1. INTOXICAT-
ING LIQUORS:
illegal con-
tracts.
of three distinct lots of liquor sold to the defendant by plaintiffs. The first point made by appellant is that the verdict is not supported by sufficient evidence.

The first bill was purchased through one F. B. Burrows. It was made an important question upon the trial below, and is so considered by counsel here, whether Burrows was the agent of plaintiffs or of defendant in effecting the sale. So far as the sufficiency of the evidence to support the verdict is concerned, in the view which we take of the case, this question is immaterial. There is evidence tending to establish the fact that one of the plaintiffs was in Iowa before any of these sales to defendant, and that he had knowledge of the existence of the law of this State for the suppression of intemperance. There is no conflict

in the evidence that Burrows, at the time of making the purchase, informed plaintiffs that defendant kept a grocery and provision store, and that he sold liquor for medical purposes, and wanted this liquor for the purpose of such sale. Under section 1575 of the Revision, a grocery keeper cannot obtain a permit to sell liquors for any purpose. Hence the jury might find that the plaintiffs were advised, before they made this sale, that defendant could not lawfully sell liquors in Iowa, and that if he sold at all it would be in violation of law. The jury was warranted, therefore, in finding, from the evidence, that all the sales were unlawful.

II. There is no sufficient evidence that Burrows acted as the agent of plaintiffs in making the sale. He testifies 2. INSTRUCTION: that he was not their agent. Then he states want of applicability. that he expected plaintiffs to pay him a commission for making the sale, but there is no evidence that such commission was paid. Defendant testifies that Burrows said he was the agent of Sanders. This being the condition of the evidence, the court, against the objection of plaintiffs, admitted testimony that Burrows knew that defendant was selling liquor contrary to law, and submitted to the jury the question whether Burrows was the agent of plaintiffs in effecting the sale, with instructions that if he was such agent, the knowledge of Burrows became the knowledge of plaintiffs. There being no evidence that Burrows was plaintiffs' agent, this action of the court was erroneous, and may have prejudiced plaintiffs.

For, although there is no conflict in the evidence, that Burrows, at the time of procuring the first bill, informed plaintiffs that defendant was a grocery keeper, and that he wanted the liquor to sell for medical purposes, yet there is a conflict in the testimony as to whether, at that time, plaintiffs knew of the existence of the Iowa prohibitory law, and that a sale of liquors by a grocery keeper would be unlawful.

Hence the jury, under this evidence and instruction, may have found against plaintiff upon the first bill, upon the ground that Burrows sold it as plaintiffs' agent, and knew at the time of sale that it was purchased with intent to violate the law.

III. Objection is made to evidence of certain conversations between defendant and an agent of plaintiffs, but it is not at all probable that, under the instructions given, the plaintiffs could have sustained any prejudice thereby.

IV. Objection is made to the refusing of certain instructions asked by plaintiffs, and the giving of others by the court. But as they refer mainly to the agency of Burrows, and we hold that the question of his agency was not properly submitted to the jury, these instructions do not need separate notice.

Reversed.