W. H. DICKENSON ET AL., PLAINTIFFS IN ERROR, V. THE STATE OF NEBRASKA, DEFENDANT IN ERROR.

1. **Trial**: EVIDENCE INSUFFICIENT TO SUSTAIN FINDING. Where, upon the trial of a cause, facts are proved on the part of the plaintiff by parol testimony within the pleadings, sufficient to establish the plaintiff's case *prima facie*, and none of such testimony being contradicted, the defendant proves by record evidence, also within the pleadings, such facts as establish a complete defense, such evidence taken together will not sustain a finding for the plaintiff.

2. **Recognizance.** A recognizance for the appearance of an accused person to answer to an indictment for felony, taken before and approved by an officer or person unauthorized by law, or where under the facts of the case the taking thereof is unauthorized by law, so that the same fails to be binding under the statute, *Held*, Also to be void as a common law obligation.

ERROR to the district court for Saunders county. Tried below before POST, J.

*S. H. Sornberger,* for plaintiff in error, cited: *State v. Carothers,* 11 Iowa, 273. *Harris v. Simpson,* 14 Am. Dec., 104, note. *State v. Daily,* 14 Ohio, 91. *Farley v. Budd,* 14 Iowa, 289. *Powell v. State,* 15 Ohio, 580. *Morrow v. State,* 5 Kan., 565. Crocker on Sheriffs, secs. 127, 128. *Clark v. Cleveland,* 6 Hill, 344. *Williams v. Shelby,* 2 Oregon, 144. *Harris v. Simpson,* 4 Littell (Ky.), 165.

*William Leese, Attorney General* and *J. R. Gilkeson,* for the state, cited: *Enyeart v. Davis,* 17 Neb., 228. *State v. Cannon,* 34 Iowa, 325. *Park v. State,* 4 Georgia, 329. *Archer v. Hart,* 5 Florida, 237. *Adams v. Thompson,* 18 Neb., 541. *Gudtner v. Kilpatrick,* 14 Neb., 347.

COBB, J.

This action was brought by the state against the plaintiffs in error, together with one Doan Benson, on a criminal recognizance given by them conditioned for the appearance of the said Doan Benson at the October, 1882, term of the district court for Saunders county, to answer to an indictment preferred against him and his certain co-defendants, for the crime of burglary. Process being served only upon the plaintiffs in error, they made their joint answer in the case, setting up various grounds of defense. A trial was had to the court (a jury being waived) which found for the plaintiff, and thereupon, after overruling a motion for a new trial on the part of the defendants, a judgment was rendered for the plaintiff for the sum of $555 together with costs. And thereupon the cause was brought to this court by petition in error.

There are eight errors assigned in the petition in error, but it is not deemed necessary to state them in detail here. It appears from the bill of exceptions that on the 8th day of March, 1882, upon the complaint of Anson W. Han-

cock, a warrant was issued by the county judge of Saun-
ders county for the arrest of Doan Benson, the principal de-
fendant in the action in the court below, together with three
others, for the crime of burglary. On the same day, the said
warrant having been placed in the hands of C. M. Pickett
(whether sheriff, constable, or person specially appointed
to serve the same, does not appear), the defendants were ar-
rested and brought before the said county judges for exam-
ination. The said examination was at the defendants' re-
quest continued to the 14th day of the same month, and
the said defendants entered into bonds with security for
their appearance on the said adjourned day. On the 14th
day of March, at the hour appointed, the said Doan Benson
and one of his co-defendants appeared before the said county
judge, waived a preliminary hearing, and entered into bond,
with approved security in the sum of $500, for their ap-
pearance before the district court of said county at the next
term thereof, etc. At the next term of said district court,
to-wit, on the 8th day of April, 1882, the said Doan Ben-
son, together with his co-defendants in the proceedings
above stated, having been jointly indicted by the grand jury
of Saunders county for the crime of burglary, the same be-
ing the same burglary for which they had been arrested
and held to bail by the said county judge as above stated,
appeared in the said district court personally as well as by
counsel, were arraigned, and severally pleaded not guilty to
the said indictment. Thereupon one of the co-defendants
of the said Doan Benson elected to take a several trial, was
put upon his trial, and tried upon the said indictment be-
before the said court and a jury. The said jury failed to
agree upon a verdict in said cause, were discharged by the
court, and thereupon, as appears by the record and jour-
nal entry in said cause, it was "further ordered by the
court that the defendants * * Doan Benson * * * * *,
and * * be held to bail in the sum of five hundred dollars
each for his appearance at the first day of the next term of

this court to answer the charge against him, and in default thereof that they be committed to the custody of the sheriff. And thereupon the said defendants * * with * * * * as his surety, Doan Benson with W. H. Dickinson and H. H. Dorsey as his surety * * * with * * and * * as his surety and * * * with * * and * * as his surety, and entered into recognizance in accordance with the above order and this cause is continued." It further appears that the said Doan Benson did not appear at the next term of the district court held in and for said county to answer said indictment, but wholly made default, whereupon his default was regularly entered.

The petition, after alleging the finding of the indictment by the grand jury of Saunders county against the said Doan Benson and his co-defendants and the returning of the same into the said court, proceeds as follows: "And thereupon a capias was duly issued for the arrest of the said Doan Benson and placed in the hands of C. E. Lillibridge, the sheriff of said county of Saunders; and at the said time an order was duly made by said court that the bail of the said Doan Benson be fixed at the sum of five hundred dollars, and the said C. E. Lillibridge, sheriff as aforesaid, by virtue of said capias, thereupon duly arrested the said Doan Benson, and took him into custody and retained him, the said Doan Benson, in custody until the 13th day of April, 1882, on which day, while the said Doan Benson was yet in the custody of the said C. E. Lillibridge as aforesaid and during the vacation of said court, the said Doan Benson as principal, and the said defendants, W. H. Dickenson and H. H. Dorsey as sureties, by virtue of said order of the court duly entered into a recognizance to the state of Nebraska" etc. This petition was drawn under the provisions of §§ 430 to 433 inclusive of chap. XLI. of the criminal code, which provides as follows:

"Sec. 430. When any person shall have been indicted for a felony, and the person so indicted shall not have been

arrested or recognized to appear before the court, the court may at their discretion make an entry of the cause on their journal, and may order the amount in which the party (indicted) may be recognized for his appearance by any officer charged with the duty of arresting him.

"Sec. 431. The clerk issuing the warrant on such an indictment shall indorse thereon the sum in which the recognizance of the accused was ordered as aforesaid to be taken.

"Sec. 432. The officer charged with the warrant aforesaid shall take the recognizance of the party accused in the sum ordered as aforesaid, together with good and sufficient sureties, conditioned for the appearance of the accused at the return of the writ before the court out of which the same issued; and such officer shall return such recognizance to the said court, to be recorded and proceeded on as provided in this code."

The case made by the pleading is doubtless good under the statute above quoted; but does the evidence sustain the pleading? In reviewing the evidence so far as may be deemed necessary, it may be proper to revert to the point made in sundry modifications of form by the plaintiff in error, based upon the overruling of his objections by the court to the evidence offered by the state: 1st. The plaintiff in error complains of the overruling by the court of his objection to the admission in evidence " of that part of the deposition of S. G. Chany which appears on the face of said deposition to have been taken on the 8th day of May, 1884." By reference to the record it appears that when this deposition was offered on trial counsel objected to it on the ground that it was "irrelevant, incompetent, immaterial, and not the best evidence." But, in the brief, counsel endeavors to sustain this point of the petition in error on the ground that this deposition was introduced for the purpose of contradicting the record. At the time that this deposition was offered it was clearly inadmissible. In

connection with the testimony subsequently introduced of the service and loss of the capias which said Chany testified in the said deposition to having theretofore issued, and upon which, upon the theory of the plaintiff in the court below, the said Benson was arrested, the deposition was admissible; and had it been excluded when the objection of plaintiff in error was made it would doubtless have been afterwards re-offered and properly admitted. No error can therefore be now predicated upon its admission, even at a point of time and stage of the proceedings when, as we have above stated, it was inadmissible; and the objection that it contradicts the record cannot be sustained, for the reason that as the case was presented in the court below it comes before the record, and in its absence may have been deemed sufficient to prove so much of the plaintiff's cause of action as depended upon the arrest of the said Benson after the adjournment of court. But little need be said of the second, third, fourth, fifth, and sixth points presented in the bill of exceptions. Upon the theory of the case as presented by the state, ignoring the facts that the defendant Benson had been arrested and brought before the county judge; that he had entered into a recognizance for his appearance at the district court; that he had so appeared, and upon the return of the indictment against him had been arraigned, and had plead thereto, the matters embraced in these points were free from error.

This brings us to the consideration of the two last points, numbered respectively seven and eight, and are as follows:

" 7.   The court erred in overruling a motion of the plaintiff in error for a new trial.

" 8.   The court erred in finding for and giving judgment in favor of the defendant in error."

These two assignments may be considered together. As above stated, the petition of the plaintiff clearly states a cause of action under the provisions of the statute hereinabove quoted; and I think the evidence produced at the

trial on the part of the state was sufficient while standing alone to have warranted a finding and judgment for the plaintiff.

But the defendants produced and introduced in evidence the record of the district court of Saunders county, containing the return to said court by the county judge of said county of the proceedings before him whereby the said Doan Benson was arrested, on a warrant issued by said county judge on the 8th day of March, 1882, for the said crime of burglary; that the examination of said Doan Benson upon said charge was by the said county judge continued to the 14th day of the said month; that on said last mentioned day the said Doan Benson waived an examination before said county judge, and together with an approved security entered into a recognizance for his appearance before the district court in and for said county at the next term thereof, to-wit, on the 3d day of April, 1882; also the said defendants produced and introduced in evidence on the said trial the record of the said district court of a day of the term thereof of April, 1882, to-wit, the 8th day of April of said year, whereby it appears that on said day the motion of the said Doan Benson and his co-defendants to quash the indictment found against them for burglary was overruled. Whereupon the said defendants, including the said Doan Benson, were arraigned, and severally plead not guilty to each count of the indictment, and each declared themselves ready for trial.

While, as I have above stated, the evidence introduced on the part of the state was *prima facie* sufficient to bring the case within the provisions of the statute, it is equally true that the above cited evidence introduced on the part of the defendants takes it out. The only question which remains then is, whether the court, having before it one line of parol evidence proving the plaintiff's case, and another independent line of evidence furnished by its own records disproving many of the essential facts of the plain-

tiff's case necessary to its right to recover, could find for the plaintiff; or rather, having so found, is this court, under the law and rules governing appellate proceedings, bound by such finding?

This is not a case of conflicting evidence, but rather one of conflicting theories, one of which is proven by a chain of superior, *i.e.*, record evidence, and the other by oral testimony. These two theories are not entirely inconsistent with each other. It is possible that although Benson had been arrested on complaint of Hancock and brought before the county judge on a charge of burglary, had waived such examination and entered into a recognizance with security for his appearance at the next term of the district court; that he had appeared before said district court, been arraigned and plead to the indictment then found against him, and then stood in said court ready for trial, even then, that a capias may have been issued for his arrest and placed in the hands of the sheriff. · But that would not bring the case within the sections of statute above quoted. The authority there granted to the sheriff or other officer (charged with the duty of arresting a person indicted for a felony) to take the recognizance of such · accused party, clearly, by the language as well as the spirit of the statute, depends upon the fact that such indicted person has not been arrested or recognized to appear before the court. In the case at bar the indicted person had not only been both arrested and recognized to appear before the court, but had actually appeared and plead to the indictment and stood ready for trial during the entire term of court. Under such state of case the statute has not empowered the district court to throw the responsibility of taking bail upon the sheriff, either by direct or indirect means. · Neither would sound policy permit such power to be conferred.

This proceeding in error is brought by the securities on the recognizance alone, so if they are liable at all they are

liable *stricti juris*, liable of record, and we have seen that
the record made against them was made by an officer, who
under the circumstances, as shown by the record, was un-
authorized by law to make it.

Had the cause in the court below been tried to a jury,
it would have been the duty of the court, upon proper re-
quest, to have instructed the jury to find their verdict on
the theory proved by the record rather than that of the
parol evidence. Of this, I think, there can be no doubt.
A jury being waived and the cause tried to the court, it
should have followed the same line in making its finding.
In failing to do so, I think the court erred.

2. It is contended on the part of the defendant in
error, that as the "action is founded on an obligation vol-
untarily entered into and solemnly acknowledged, and for
a valuable consideration (the liberty of the accused)" etc.,
" it is a binding obligation, whether the sheriff had author-
ity to take it or not." In other words, that, conceding that
the recognizance was taken without authority of law on
the part of the officer taking it, still it is binding as a com-
mon law obligation and may be enforced. I have carefully
examined the numerous cases cited by counsel on either
side upon this proposition. I find two cases, and only two,
in which it is squarely held that a recognizance, taken
without authority in a criminal case, may be enforced as a
common law bond: these are, *The State v. Cannon,* 34
Iowa, 325 ; and *Dennard et al. v. The State,* 2 Georgia,
137. Neither of these cases is reasoned at all, nor does
the Iowa case cite a single authority. The Georgia case
cites three very old English and one South Carolina case ;
the former involving questions of obligation between in-
dividuals, and the latter a bond for the support of a bas-
tard. From these and other authorities it is well settled,
that in matters between individuals, a bond or other obli-
gation, given by one to the other upon a lawful and ade-
quate consideration, although such bond or obligation may

be deficient in matter of form, or in the manner and time of its execution, acknowledgment, delivery, or filing, yet where it is sufficient to serve its beneficial purpose to the party at whose instance or for whose avail the same is given, it will be held binding according to its terms. But I do not think that these authorities apply to a case like the one at bar. Most of these cases arose upon appeal or forthcoming bonds, where, although a certain sum is fixed as a penalty, to be forfeited upon the failure of the party for whose benefit the obligation is given to prosecute his appeal, etc., or to deliver the property, yet the real measure of damages—the amount for which judgment is rendered on such obligation—is the costs of suit, or the value, use of, or damage to such property within the limit of the penalty named in such bond or obligation, and with no other reference to it. In such case, the cause of action exists independent of the bond or recognizance, and its only office is to fasten liability upon the surety; but in the case of a recognizance for the appearance of an accused person to answer to an indictment, the obligation rests primarily and solely upon the paper itself; and the amount of the judgment is fixed and determined by the penalty named in the paper.

The law does not favor penalties or forfeitures. When exacted the authority therefor should rest upon express law and not upon construction or implication.

To hold that an unauthorized person may accept a recognizance running to the state which will bind the person entering into it, is to hold that one private unauthorized person may make another the debtor of the state, a proposition illogical in theory and dangerous in practice.

While I desire to place this decision rather upon principle than upon authority, yet it must be admitted that the weight of authority on this branch of the case is with the plaintiff in error.

In the case of *Powell v. The State*, 15 Ohio, 579, the

point was squarely presented, and the majority of the court held that a recognizance taken before one of the judges of the court of common pleas—a court composed of three judges—while the court was in session, was void as well at common law as under the statute. This case was followed with approval in the latter case of *The State v. Clark,* Id., 595.

The case of *Williams v. Shelby,* 2 Oregon, 144, was where Williams, as treasurer of the county, sued Shelby as security on a bond executed by him for the appearance of one Patterson to answer to a charge of felony. The bond was taken by a justice of the peace, and it appears from the opinion that there being no law then in force in that state authorizing justices of the peace to take such bonds, it was held by the circuit court void as a statute bond but valid as a common law undertaking. Upon error to the supreme court the judgment was reversed. *Harris v. Simpson,* 14 Amer. Dec. 101 (from 4 Litt. Ky.), is a case in point for the plaintiff in error, but is valuable chiefly for the exhaustive note by Judge Freeman.

This court is now called upon for the first time to decide this point, and while conceding great weight to the argument and authorities cited by counsel for the defendant in error, I do not think that the judgment can be sustained. I think that an appellate court should at all times look to the substance rather than to the form of the proceedings of the court below, but when such proceedings are so deficient, either in form or authority, that they cannot be sustained on the ground intended by statute, then they ought to fail. The judgment of the district court is reversed and the cause remanded for further proceedings in accordance with law.

REVERSED AND REMANDED.

MAXWELL, CH. J., concurs.

REESE, J., having been of counsel in the court below, did not sit.