WILLETT L. IRISH, APPELLANT, V. N. M. LUNDIN ET
AL., APPELLEES.

[FILED NOVEMBER 26, 1889.]

Liens: VENDOR: MATERIAL MAN. A purchased a lot from B for
$800, paying one-fourth of the price cash in hand, the remainder
to be paid in ninety days  The contract not being reduced to
writing, A thereupon took possession of the lot and before the
expiration of the ninety days had erected a dwelling house there-
on.    The mechanics and material men, who had contributed
to the erection of the dwelling, thereupon filed separate claims,
each to obtain a lien on said property, and thereafter brought
an action to foreclose the liens.  A failed to pay the $600 pur-
chase money.  Held, That the property would be sold as upon
execution and the proceeds applied, first, to the payment of the
amount due on the contract of purchase, with legal interest, and,
second, to the payment of the liens on said property, the re-
mainder, if any, to the purchaser; but in case there was not suffi-
cient after paying the purchase price to satisfy the liens, then
the lienholders are to be paid pro rata.

APPEAL from the district court for Douglas county.
Heard below before DOANE, J.

*Winfield S. Strawn,* for appellant:

Ch. 54, Comp. Stats., gives the material man a lien upon
buildings "and" the land on which they stand.   If the lien
does not attach to the buildings as such, but only because
they are a part of the land, the words in the statute preceding
"and" would be meaningless surplusage, and such a con-
struction will not, if it can be avoided, be given to a legis-
lative act.   There is no provision making the lien depend-
ent on the land or title thereto.   Such a lien can be
enforced against a building erected on the land without au-
thority. (*Judson v. Stephens,* 75 Ill., 255.)  The mechanic's
lien act does not exclude the lien which a material man or
laborer has always had in equity, but affords a cumulative

remedy.  Under the doctrine, therefore, either of mechanic's or of equitable liens, appellant is entitled to a decree.

*McHugh & Christopherson,* for appellee Wilson (*A. C. Wakely,* for appellees King *et al.;* *Holmes & Wharton,* for appellees Dow and McIver; and *Kennedy & Learned,* for appellee Dunmire, filed no briefs):

There can be no lien of the kind claimed upon *any* property, unless the material is furnished under a contract with the owner.  Such a contract in this case would have been required to be in writing, and the mere payment of a portion of the purchase price (should it be conceded that the $200 was such) will not take a parol contract for the sale of land out of the statute of frauds. (*Poland v. O'Conner,* 1 Neb., 50; *Mushrush v. Devereaux,* 20 Id., 49.). The receipt given by appellee Wilson does not meet the requirements of the statute. (Reed, Statute of Frauds, sec. 398; Brown, Statute of Frauds, sec. 385; *Mc Williams v. Lawless,* 15 Neb., 131; *Barton v. Patrick,* 20 Id., 654; *Holmes v. Evans,* 48 Miss., 247; *Williams v. Morris,* 95 U. S., 444.)   Especially is this true, as the receipt was given to Gibson in a transaction distinct from that with Lundin, and was not delivered to the latter nor brought to his knowledge. (*Steele v. Fife,* 48 Ia., 99; *Johnson v. Brook,* 31 Miss., 17.)   Possession, in order to constitute part per-. formance, must be taken with the knowledge and consent of the vendor. (Waterman, Spec. Perf., secs. 261, 272.) Appellant has no lien in equity such as is contended for, since liens of the sort claimed are purely creations of statute. (Jones on Liens, sec. 1184; Phillips, Mechanics' Liens, page 4, sec. 2; *Ellison v. Jackson, etc., Co*, 12 Cal., 542; *Spencer v. Barnett,* 35 N. Y., 914; *Davis v. Farr,* 13 Pa. St., 167; *McCoy v. Quick,* 30 Wis., 521.)   Counsel for appellant confuses the common-law lien of the artisan upon chattels with the statutory lien of the mechanic on a building.   No lien attaches to a building erected on land with-

out consent of the owner. (Jones on Liens, sec. 1246; *Stevens v. Lincoln*, 114 Mass., 476; *Wilkins v. Litchfield*, 69 Ia., 465 [29 N. W. Rep., 447].) Under statutes similar to ours it has been held that there is no lien upon the buildings distinct from that upon the land. (*Belding v. Cushing*, 1 Gray [Mass.], 576; *Stevens v. Lincoln*, 114 Mass., 476; *Coddington v. Dry Dock Co.*, 31 N. J. L., 477.)

Maxwell, J.

This action was brought in the district court of Douglas county by the plaintiff against the defendant to foreclose a mechanic's lien.

On the trial of the cause the court found the issues in favor of the defendant Wilson and dismissed the action.

The petition is substantially in the ordinary form.

Maria Wilson filed a petition to intervene, which being sustained, she filed an answer, in which, after setting out her purchase of the lot in question, she alleges: "That on, to-wit, the thirty-first day of January, A. D. 1888, George E. Gibson, the agent of said defendant Maria Wilson, at the county and state aforesaid, did, as agent of said last named defendant, make an oral, verbal contract to and with said defendant N. M. Lundin for the sale of all her right, title, and interest in said premises to said N. M. Lundin; that such contract was oral and rested entirely in oral agreement; that no note or memorandum thereof was ever reduced to writing or signed by any one; that said contract could not and did not vest or convey to said N. M. Lundin any right, title, or interest in or to said premises; that said N. M. Lundin did not at any time have possession or own any right, title, or interest in or to the said premises, and that said N. M. Lundin has not now any right, title, or interest in or to said premises.

"Said defendant Maria Wilson, further answering, says

that in and by the terms of said oral and void contract so entered into by said George E. Gibson, her agent, and said N. M. Lundin, it was agreed that the said contract should become binding upon the parties thereto only in case said N. M. Lundin should, in ninety days from said last named date, make a certain payment to said George E. Gibson as the said agent of this defendant; that by the said contract it was provided that if said N. M. Lundin should fail, neglect, or refuse to make such payment in said time, then and in that case he was not to acquire or have any right, title, or interest in or to said premises. This defendant says that the said N. M. Lundin did fail, neglect, and refuse, and has wholly failed, neglected, and refused to make such payment in said time, or at any time thereafter; that said payment has not been made nor has any part thereof been paid, but that on the contrary said defendant N. M. Lundin has absconded and left the county and state aforesaid; and said defendant says that said defendant N. M. Lundin did not and has not acquired any right, title, or interest in or to said premises by said contract."

She also denies that she, or her agent, delivered possession of said lot to Lundin.

The testimony tends to show that about January 31st, 1888, one George E. Gibson, a real estate agent in Omaha, and duly authorized to sell the lot in question, negotiated a sale of the same to the defendant N. M. Lundin for the sum of $800; one-fourth of the sum was paid at the time of the purchase and the remainder to be paid in ninety days from that date.

To obtain the $200 part payment, Lundin and one Roos executed a note to Gibson, secured by a mortgage on real estate owned by them, and he (Gibson) either loaned them the money or obtained it on those securities from a loan company for which he was agent. The question how the money was procured does not seem to enter into the case, as it was in fact obtained and paid upon the contract for the

purchase of the lot. This money has been retained, and it is claimed by the seller that Lundin had a mere option to purchase and upon his failing to pay the remaining $600 the payment already made was forfeited and also all of Lundin's rights therein.

The attorneys for Wilson contend that this being an oral contract, and Lundin not having possession of the lot, the contract cannot be enforced, and a large part of their brief is taken up with the citation of authorities to sustain that proposition.

As a matter of fact, however, Lundin did immediately enter into possession of the lot in question and erected a house thereon of the value of $700 or $800 and the mechanics' liens in suit were created by the erection of said building. The work was nearly completed before the expiration of the ninety days from January 31st, 1888. Lundin seems to have left the state and has failed to pay the balance due on the lot or to the mechanics and material men for the erection of the house. This house is now in the possession of Wilson. She seems to claim the same free from any liens, etc. It is gravely urged that for the privilege of an option on the purchase of a lot more than two miles north of the post-office in the city of Omaha, and for which, so far as appears, the full value was agreed to be paid, Lundin actually paid $200 for the privilege of purchasing the same in ninety days. It is not claimed that he had any property adjoining or near that place that would be enhanced in value by the purchase. The sale was made, therefore, we infer, at the full value of the lot and the $200 paid as one fourth of the consideration therefor. To that extent, therefore, Lundin has an interest in the lot.

Forfeitures are odious in law. (*Dickenson v. State*, 20 Neb., 81; *Estabrook v. Hughes*, 8 Id., 501; *Hibbeler v. Gutheart*, 12 Id., 530.) In the latter case it is said, after showing that the lessee was in default: "It was evidently the intention of the legislature, in passing the law con-

taining these provisions, to hold the purchasers and les-
sees of the school lands to the strict performance of the
terms of their obligations to the state. And while by
the terms of the law all delinquents were limited to thirty
days from the receipt of notice of such delinquency in
which to remove the same by payment, yet we think it
was the policy of the law to allow them to do so at any
time before the commencement of suit to dispossess them
by the prosecuting attorney, as provided for in the section.
While the lessee is in possession, and not proceeded against
in the manner provided by law, he is presumed to have
rights, and these rights could only be cut off by the method
pointed out in the name of the people, and not by proceed-
ings moved by and in the name of an individual designing
to become the purchaser or lessee, or otherwise. While the
state can have no preferences as between different citizens,
yet, as the law does not favor forfeitures, it will always
favor the removal of delinquencies, on the part of those
already its lessees and in possession, rather than the for-
feiture of their rights to make room for others." This we
regard as a correct statement of the law so far as it applies
to a purchaser of real estate in possession, where he has
made a considerable payment on the land and has a sub-
sisting interest therein.

While in particular cases, by reason of peculiar circum-
stances, it is necessary to sustain a forfeiture, yet where any
considerable portion of the purchase price of real estate has
been paid and possession taken under the contract, the pur-
chaser has an equity in the premises to the extent of the
money paid by him, and it is gross injustice to permit the
seller to retain this money and also the property free from
any claim of such purchaser; and particularly is this true
where, by reason of such forfeiture, creditors of the pur-
chaser will be deprived of the amount due them. In an
ordinary case this cannot be permitted. The seller is en-
titled to the price of his property as agreed upon, and the

purchaser, upon the payment of such price, is entitled to the remainder. If, however, lawful liens are filed on the interest of such purchaser, as in this case, they must first be satisfied out of the amount due the purchaser before any part of the surplus will be paid to him. The judgment of the district court is reversed, the property is directed to be sold as upon execution, and out of the proceeds of said sale shall be paid, first, the amount due upon the contract of purchase, with lawful interest; and second, the several liens of the parties to this action are to be paid— the surplus, if any, to be paid to Lundin. In case the sum remaining after paying the amount due on the contract of purchase is not sufficient to pay all the lien holders in full, then said sum is to be applied *pro rata* among said lienholders.

JUDGMENT ACCORDINGLY.

THE other judges concur.