WILLIAM H. PICKENS, APPELLEE, V. PLATTSMOUTH LAND AND INVESTMENT CO. ET AL., APPELLANTS.

[FILED MARCH 24, 1891.]

**Mechanics' Liens:** OWNER OF EQUITABLE INTEREST IN LAND: LIABILITY.   W. H. P. contracted with the P. Land and Investment Company to erect a building, known as the *Park House*, on forty acres of ground, for the purchase of which that company had an unwritten agreement with the P. Land and Improvement Company, the legal owner, which agreement was subsequently abandoned by both companies, and a balance of $800 for the erection of the building was claimed by the contractor.   In an action to enforce the mechanic's lien against both companies by the contractor, *held*, that the Investment Company alone was liable, and that the contractor's lien was limited to the building, and that the land of the Improvement Company was not chargeable.   (*Irish v. Lundin*, 28 Neb., 84.)

APPEAL from the district court for Cass county.   Heard below before CHAPMAN, J.

*O. H. Ballou*, for appellant, cited : *Irish v. Lundin*, 28 Neb., 84.

*J. B. Strode, contra,* cited, contending that the Improve- Company was estopped by the conduct of its officers from denying the liens: *Buckstaff v. Dunbar*, 15 Neb., 114; *McCormick v. Lawton*, 3 Id., 149.

COBB, CH. J.

This action was brought by the appellee in the district court of said county to foreclose a mechanic's lien for the erection of certain buildings on the property of the appellant described as the northwest quarter of the southeast quarter of section one, town twelve north, range thirteen east, sixth P. M., in Cass county, Neb. The amount of the claim was $800.25. The appellants set up in their brief that the Plattsmouth Land and Improvement Company were the legal owners of the title to a tract of land near Plattsmouth, amounting to two hundred acres, as appeared of record in Cass county, the Plattsmouth Investment Company at the time holding an unrecorded and undisclosed parol contract for the purchase of the said real estate. Appellee Pickens contracted with the Plattsmouth Investment Company, the equity holders, for the erection of certain buildings, known as the Park House, etc., and built the same on said land, the Plattsmouth Land and Improvement Company not being a party to said contract. Lien was filed and suit brought to foreclose and sell the buildings and also the lands on which they were placed. Decree for plaintiff ordering sale of premises, including realty, from which decree this appeal is taken by the Plattsmouth Land and Improvement Company.

The counsel for appellee replied that the counsel for appellants, in his statement of the case says that the Plattsmouth Investment Company held an unrecorded and undisclosed parol contract for the purchase of the real estate described in the petition, at the time the contract for the erection of a Park House, mentioned in the petition, was made. To this we assent; but we do not assent to his further statement that the contract for the erection of said Park House was made with the Plattsmouth Investment Company, the equity holder, alone, and that the Plattsmouth Land and Improvement Company, the holder of the legal

title, was not a party to said contract. The evidence in this case warrants us in stating that the Plattsmouth Land and Improvement Company took such action, through its officers, in procuring the appellee to enter into the contract and to erect the building as to make it a party to the contract.

The cause was tried to the court and the following decree was entered: "This cause came on to be heard upon the petition, answer, and reply, and the evidence, and a jury being waived, was submitted to the court, and the court finds that there is due the plaintiff from the Plattsmouth Investment Company and the Plattsmouth Land and Improvement Company upon the account set forth the sum of $800, with interest at the rate of seven per cent from January 24, 1888, and that plaintiff on November 19, 1887, made an account in writing of the items set forth, and, after making oath thereto, filed the same in the clerk's office of Cass county, where it is duly recorded, and is a subsisting mechanic's lien upon the premises described and known as 'Rural Park,' as shown by the plat of Livingston Heights in book 15, page 179, of Cass county records, and the buildings and improvements thereon; and the court finds that the plaintiff is entitled to have said lien enforced. It is therefore considered and adjudged that the plaintiff recover from the defendants, the Plattsmouth Investment Company and the Plattsmouth Land and Improvement Company, the sum of $800, with interest from January 24, 1888, at seven per cent per annum, and his costs in this action, in case said judgment is not paid within twenty days from the entry of this judgment," in default of which the sheriff of the county was ordered to sell the premises and apply the proceeds to satisfy the judgment.

The motion of both defendants for a new trial having been overruled the case was appealed to this court.

There were in the court below three parties defendant to

this suit: the Investment Company, the Land and Improvement Company, and Samuel D. Mercer, its treasurer, who was not found to have been liable individually, and the decree was rendered against the two companies, enforcing the plaintiff's lien of $800, with interest, against the Land and Improvement Company's property described.

It appears, as a fact, that the two companies were distinct associations, without any liability in common, and with no other interest than that of a prospective purchase and sale of the property, under a parol contract, which was abandoned by both.

It further appears that the contract for the building, against which the lien was rendered, was made with the Investment Company, represented at first by William Gratton as its secretary, and subsequently by L. F. Hartzman, as shown by the correspondence between the plaintiff and that company's secretaries, attached as exhibits to the testimony.

It does not appear from the record that any party other than the appellee and the Investment Company had anything whatever to do with the contract, or that any officer or agent of the Land and Improvement Company participated in the making of the contract by authority or voluntarily.

It is contended by the appellee that the latter company may be bound under the mechanic's lien law because S. D. Mercer, its treasurer, in showing a friendly interest in the Investment Company, or in the appellee, or both, allowed his office, in Omaha, to be used for a business interview between the contracting parties. This fact is not deemed sufficient to charge the Land Improvement Company either directly, or impliedly, with any responsibility under the contract. It would be unreasonable to hold that the interests of the shareholders could be so affected by such an insignificant act, not done by authority of the company.

The letters of the appellee go to show that he dealt with

the Investment Company; his proposal for the buildings was so addressed, and that company paid him sums of money, on account of the building, which he acknowledged. That company has the whole benefit of the improvement, if there be any; the other making no claim to it, but disclaiming all responsibility on account of it. There is apparently no hardship, in this equitable consideration, to the appellee, or to the Investment Company. One-half the contract price has been paid, and the building itself is charged with the remainder. To charge forty acres of ground, not legally involved in the transactions of the appellee, would seem to be both an inequitable and an inexact construction of the lien law.

In the case of *Irish v. Lundin,* 28 Neb., 84, it was held, as to vendors' and mechanics' liens, that when A purchased a lot from B for $800, paying one-fourth down, the remainder to be paid in ninety days, the contract not being in writing, and the purchaser taking possession erected a dwelling house before the expiration of the ninety days, and the mechanics and material men who had contributed filed separate claims each for a lien, and brought their action to foreclose, A failing to pay the balance due on the purchase money, the property should be sold and the proceeds applied, *First,* to the amount, with legal interest, due on the contract of purchase; and *Second,* to the payment of the liens on the property, and the remainder, if any, to the purchaser; but if there was not sufficient after paying the purchase price to satisfy the liens, the lien holders should be paid *pro rata.* Under this rule the vendor's lien would be paramount; but as there was a total failure and abandonment of the unwritten contract of sale, without possession, except as to the building ground, it is to be treated as a forfeiture of the Investment Company.

The judgment of the district court will therefore be reversed, as to all findings against The Plattsmouth Land

and Improvement Company, together with all costs taxed against said company, and the lien against the real estate described is discharged except as against the building erected by the appellee under contract with the Plattsmouth Investment Company, as to which judgment below is affirmed.

JUDGMENT ACCORDINGLY.

THE other judges concur.