E. G. WEST ET AL., APPELLEES, v. W. H. REEVES, IMPLEADED WITH F. A. REYNOLDS, APPELLANT.

FILED JANUARY 19, 1898. No. 7764.

1. **Mechanic's Lien: VENDOR'S LIEN: PRIORITY.** The lien of a person who furnishes material for the erection of a house upon land in possession of the vendee under an executory contract of purchase is subordinate to the lien of the vendor who retains the legal title to secure deferred installments of the purchase price, except in cases where the vendor himself promotes the improvement or causes it to be made.

2. ———: **WAIVER OF VENDOR'S LIEN.** A vendor who retains the legal title to land sold does not, by mere silence and inaction, waive his right to a purchase-money lien in favor of one who furnishes building material to improve the property.

APPEAL from the district court of Dawson county. Heard below before HOLCOMB, J. *Reversed.*

*W. D. Giffin* and *Warrington & Stewart*, for appellant.

*W. J. Trotter*, contra.

SULLIVAN, J.

On April 16, 1892, the defendant Reynolds, being the
fee owner of certain real estate in Gothenburg, sold the
same to his co-defendant, Reeves, who paid a portion
of the purchase price, executed promissory notes for the
balance, took a bond for a deed, and entered into pos-
session of the property.   Afterwards, Reeves bought on
credit from the plaintiff material for the purpose of, and
which he used in, building an addition to the dwelling-
house on the premises.   Within the time limited by the
statute, a mechanic's lien for the amount remaining due
for this material was filed in the proper office.   In this
action, which was brought by the plaintiff to foreclose
his lien, he contends that it is entitled to priority over
the lien of Reynolds for the deferred installments of the
purchase price of the land.   The improvement in ques-
tion was not made in compliance with any obligation
imposed on Reeves by the terms of the contract of pur-
chase.   The contract for the material was not made with
Reynolds nor with his agent; it was made with Reeves
alone, and the lien resulting therefrom can only attach
to Reeves' interest in the land.

It is argued on behalf of the appellee that Reynolds
waived his right to a prior lien by reason of his silent
observation of the improvement as it progressed.   This
claim is not backed by the citation of any authority and
is not, we think, entitled to serious consideration.   Reeves
had a right to improve the property and charge his in-
terest therein with the cost of the improvement whether
Reynolds consented or objected.   His consent would have
been immaterial and his objection impertinent. · It fol-
lows that the defendant Reynolds is entitled to a first
lien for the unpaid purchase-money, and that the court
erred in subordinating his lien to that of the plaintiff.
This conclusion is sustained by the following decisions:
*Birdsall v. Cropsey*, 29 Neb. 672; *Irish v. Lundin*, 28 Neb.
84; *Pickens v. Plattsmouth Investment Co.*, 37 Neb. 272;

*Bohn Mfg. Co. v. Kountze*, 30 Neb. 719. The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.