L. P. LARSON REAL PROPERTY COMPANY, APPELLEE, V.
NORRIS-LYDDON PRODUCE COMPANY, APPELLEE:
LUEHRS-CHRISTENSEN LUMBER & COAL COMPANY,
APPELLANT.

FILED JUNE 12, 1934. No. 28998.

*Courtright, Sidner, Lee & Gunderson,* for appellant.

*Howard W. Loomis, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and
PAINE, JJ., and THOMSEN, District Judge.

GOSS, C. J.

The decree postponed the mechanic's lien of Luehrs-
Christensen Lumber & Coal Company, herein called the
cross-petitioner, until the sale should first satisfy plain-
tiff's two mortgages. Cross-petitioner appealed.

The evidence shows that on or about November 19,
1931, plaintiff sold to defendant certain lots on which was
located a vacant building, and put defendant in posses-
sion. The terms were set forth in a written contract, a
copy of which was retained by each party. But at the
time of the trial both copies had been lost and so there
was some oral testimony as to their contents. On April
1, 1932, in pursuance of the contract, plaintiff deeded the
property to defendant and defendant gave plaintiff two
purchase money mortgages on the property, one to secure
a note for $5,000, due December 1, 1936, the other to
secure a note for $11,500, payable in 116 monthly pay-

ments of $138 each. On failure to pay interest on the first mortgage and to keep up the payments on the second, this suit resulted. Defendant did not answer, though served, but defaulted. There is no dispute as to the amount to be due on the mortgages of plaintiff or on the lien of cross-petitioner.

Plaintiff and defendant had agreed that plaintiff should install an elevator and its cost was included in the purchase price of the real estate. It was installed by plaintiff's own contractor soon after the possession of the real estate was turned over to the defendant.

On the day the contract of sale was signed, defendant engaged cross-petitioner to furnish whatever materials it would need to make repairs and alterations contemplated by it to make the building suitable for its purposes. It employed its own contractor for that work. There was nothing in the contract of sale of the property requiring defendant to make any repairs and alterations. Plaintiff's contractor did not take out any separate city building permit to install the elevator, but on November 21, 1931, defendant's contractor, Hansen, made application "for a permit to repair a factory building (install elevator, stairs and partitions)," describing the property involved, and the building inspector recommended that a permit be granted. In the testimony and briefs both parties assume that the permit was granted, but we do not find the permit in the evidence. We assume that it was issued. Hansen testified that he and Sorman, plaintiff's contractor, took the permit jointly because their work was on the same building. He makes it clear that Sorman's contract was only to install the elevator for plaintiff and he, Hansen, did all the other work for defendant and that there was no other dealing between them or in the execution of their contracts other than the matter of the permit. Plaintiff had no connection with the permit and no knowledge of it, did not purchase any materials from cross-petitioner for the repairs and alterations, and did not authorize their purchase, receive them

or supervise their use. In fact, defendant had possession and dominion of the property under the executory contract of sale from November 19, 1931, which ripened into a deed on April 1, 1932, executed and delivered in compliance with and according to the terms of the contract. In carrying out that contract the mortgages in suit were made and delivered by defendant and became liens on the property.

The mortgages were given to pay the purchase price of the real estate. In the syllabus to *West v. Reeves*, 53 Neb. 472, Judge Sullivan said: "The lien of a person who furnishes material for the erection of a house upon land in possession of the vendee under an executory contract of purchase is subordinate to the lien of the vendor who retains the legal title to secure deferred instalments of the purchase price, except in cases where the vendor himself promotes the improvement or causes it to be made." In the body of the opinion he wrote: "This conclusion is sustained by the following decisions: *Birdsall v. Cropsey*, 29 Neb. 672; *Irish v. Lundin*, 28 Neb. 84; *Pickens v. Plattsmouth Investment Co.*, 37 Neb. 272; *Bohn Mfg. Co. v. Kountze*, 30 Neb. 719."

The materials furnished by the cross-petitioner from November 19, 1931, to April 1, 1932, were subject to plaintiff's executory contract for the sale of the property and those furnished from April 1, 1932, to October 3, 1932 (which was the last item on the lien), were subject to the liens of plaintiff's purchase money mortgages, contemplated by and given in pursuance of the executory contract.

A few days before the decree was entered the cross-petitioner filed an application requesting the court to require the sheriff to lease the premises involved under the provisions of sections 52-106 and 52-107, Comp. St. 1929. These statutes are in no way applicable to the facts here.

The judgment of the district court is

AFFIRMED.