O'HARA PLUMBING COMPANY, INC., APPELLANT, v. LARRY
ROSCHYNIALSKI ET AL., APPELLEES.
207 N. W. 2d 380

Filed May 11, 1973.   No. 38781.

Sam Grimminger, for appellant.

Sampson & Armatys, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH,
McCOWN, NEWTON, and CLINTON, JJ.

McCOWN, J.

This is an action to foreclose a contractor's lien for
improvements installed in a residence.   The District
Court sustained a motion for summary judgment on be-
half of the defendants Reeves and dismissed plaintiff's
action.

The defendants, Lawrence C. and Donna J. Reeves,
were the owners of the real estate involved here.   On
March 31, 1970, the Reeveses entered into an installment
sales contract to sell the property to the defendants
Roschynialski.   After downpayments, the contract re-
quired 180 monthly installment payments of $150 each
commencing on May 1, 1970, with a final payment of
$10,925.78.   The contract authorized the sellers to de-
clare the contract null and void upon default and pay-
ments to be forfeited as rent and liquidated damages.
The Roschynialskis took possession, made three monthly
payments on the contract, and were thereafter in default.

On September 5, 1970, the Roschynialskis employed

the plaintiff to make the plumbing and heating improvements involved here. The labor and materials were furnished and delivered between September 29, 1970, and October 6, 1970, and their reasonable value was $1,315.67. There is no allegation or evidence that the defendants Reeves had consented to or had any knowledge of the improvements prior to the filing of plaintiff's lien claim.

On January 22, 1971, Reeveses notified the Roschynialskis that Reeveses had elected to declare the real estate installment sales contract null and void and demanded immediate possession of the premises. On January 25, 1971, Reeveses filed a petition in the District Court for immediate possession of the premises and on April 5, 1971, obtained a default judgment against the Roschynialskis. The judgment determined that the Reeveses were the legal owners in fee simple; that the Roschynialskis had no right, title, or interest therein; and that the Reeveses were entitled to immediate possession of the premises.

Meanwhile, on February 4, 1971, the plaintiff filed a contractor's lien against the Roschynialskis and the property. On February 1, 1972, the plaintiff filed this action against the Roschynialskis and the Reeveses to foreclose the claimed lien. The District Court sustained a motion for summary judgment by the Reeveses and dismissed the petition. Plaintiff has appealed.

Plaintiff contends that the lien attached to the equitable interest in the real estate and that dependent upon facts and circumstances which might be disclosed, retained its validity upon termination of the sale contract because the equitable and legal titles then merged. Cases relied upon by the plaintiff either involve factual situations in which the real estate vendor consented to or caused the improvement to be made, or involve facts as to the coalescing of legal and equitable titles which constitute a merger and estoppel. Here the Reeveses never consented to the improvements and there is no

evidence that they had any knowledge or notice of them even at the time they declared the real estate contract null and void and began their action to regain possession. The Reeveses filed the action in ejectment against the Roschynialskis 10 days before plaintiff's lien was filed of record. The judgment of the District Court against the Roschynialskis did not constitute a merger of the legal and equitable interests but extinguished the equitable interest of the Roschynialskis. No elements of estoppel against the Reeveses are pleaded. The facts establish that the improvements did not involve any emergency in which the improvement was for the protection or preservation of the property.

This case is governed by Larson Real Property Co. v. Norris-Lyddon Produce Co., 127 Neb. 357, 255 N. W. 50. That case held that the lien of one who furnishes material for the repairs and alteration of a building upon land in the possession of the vendee under an executory contract of purchase is subordinate to the lien of the vendor who retains the legal title to secure deferred installments of the purchase price except in cases where the vendor himself promotes the improvement or causes it to be made. See, also, West v. Reeves, 53 Neb. 472, 73 N. W. 935.

The record here establishes that there was no genuine issue as to any material fact. The judgment of the District Court was correct and is affirmed.

AFFIRMED.