POU *v.* THE COVINGTON AND MACON RAILROAD COMPANY.

84  311
101  299

Under code, §1979, before any lien can attach upon real estate for material furnished a contractor for its improvement, written notice must be given to the true owner, no matter where he resides. Notice to an agent is not sufficient.

SIMMONS, J., not presiding, because of sickness.

January 24, 1890.

Liens. Notice. Principal and agent. Before Judge LUMPKIN. Morgan superior court. September term, 1889.

Reported in the decision.

FOSTER & BUTLER, for plaintiff.

W. S. McHENRY, for defendant.

BLANDFORD, Justice.

Mrs. Pou, the plaintiff in error, furnished materials to a contractor of the defendant in error, for the erection of a certain building upon a lot belonging to the defendant in error in the town of Madison. She recorded her lien against the contractor, and served a notice thereof upon a certain person who is alleged to have been the agent in Madison of the defendant in error. Afterwards she brought her action against the defendant in error and the contractor, to recover the value of the materials thus furnished to the contractor, and to enforce her lien against the premises of defendant thus improved by the materials furnished to the contractor. The declaration was demurred to by the defendant in error on the ground that proper notice had not been given to it by the plaintiff in error, the notice having been served merely upon an agent, or a person called an agent, of the defendant in error. The court sustained the demurrer and dismissed the action as to defendant in error.

The act of 1873 (Acts 1873, p. 44), as embraced in code, §1979, provides that "All mechanics of every sort,

who have taken no personal security therefor, shall, for work done and material furnished in building, repairing or improving any real estate of their employers; all contractors, material-men and persons furnishing material for the improvement of real estate; all contractors for building factories, furnishing material for the same, or furnishing machinery for the same; and all machinists and manufacturers of machinery, including corporations engaged in such business, who may furnish or put up in any county of this State any steam mill or other machinery, or who may repair the same; and all contractors to build railroads, shall each have a special lien on such real estate, factories and railroads. When work done or material furnished for the improvement of real estate, is done, or may be furnished upon the employment of a contractor, or some other person than the owner, then and in that case the lien given by this section shall attach upon the real estate improved, as against such true owner, upon written notice given to him, stating the amount claimed, before he settles with or pays such contractor or employer, and when he has settled or paid in part only, for the balance still unpaid at the time of such notice."

Under this section of the code, before any lien can attach upon real estate for material furnished a contractor for the improvement thereof, written notice must be given to the true owner. In this case notice was given to an agent, and not to the owner. In our opinion this was not the notice contemplated by the statute. And it seems to us that it would make no difference where the owner resided at the time. Where it is sought to make the owner's property liable for the debt of another person, the notice must be given to the owner; and the owner in this case was a corporation, whose principal place of business was not in the county where the agent resided at the time the notice was

served, but was in another county of the State. The notice required by the statute not having been given, the court below was right in dismissing the action.

*Judgment affirmed.*