## BULLARD v. DUDLEY & SONS.

1. Before any lien can, under section 2801 of the Civil Code, attach upon real estate for material furnished a contractor for erecting a house thereon, written notice stating the amount claimed must be served upon the true owner, and service of such notice upon the owner's agent is not a compliance with this plain requirement of the law.
2. Irrespective of other questions made, the present case, upon its undisputed facts, is absolutely controlled by the rule above announced.

Argued April 20, — Decided May 21, 1897.

Foreclosure of lien.    Before Judge Butt.    Muscogee superior court.    May term, 1896.

*Louis F. Garrard* and *Tol. Y. Crawford*, for plaintiff in error.
*James L. Willis*, contra.

LUMPKIN, P. J.    The motion for a new trial under review in the present case raises numerous questions, but one only of them need be noticed.

The plaintiffs below undertook to foreclose a materialman's lien upon property belonging to Mrs. Bullard.    At the trial it appeared that they had failed to comply with that portion of section 2801 of the Civil Code requiring them to serve upon her a written notice stating the amount of the claim due them. It did appear that such a notice had been served upon her husband; and there was some evidence to the effect that a similar notice, directed to her, had been entrusted to him under a promise that he would deliver the same to her; but whether such a promise was or was not made, she never in fact received the notice; the record disclosing with absolute certainty that no attempt, other than as above stated, was made to serve her personally, and that no notice ever in fact reached her.    Even if her husband was her agent, service upon him was insufficient.    *Pou* v. *Covington & Macon R. R. Co.*, 84 *Ga.* 311.    It follows that the plaintiffs were not entitled to the verdict rendered in their favor.

*Judgment reversed.    All the Justices concurring.*