REAVES *v.* MEREDETH, and *vice versa.*

1. There was evidence to sustain the jury's finding that the property sold under the foreclosure of a materialman's lien belonged, not to the person against whom the lien was asserted, but to his wife.

2. Under the Civil Code, §2801, prior to the act of 1899 (Acts 1899, p. 33), such a lien must be asserted, if at all, against the true owner, who is entitled to the statutory notice for the giving of which that section provides.

3. The true owner, though cognizant that a stranger to the title is having improvements made on the premises, is under no legal duty to give to a materialman any information touching the owership of the property ; and the owner will not be estopped from setting up title thereto, as against a materialman, when nothing has been done by any one to mislead him as to the ownership of the premises improved.

Argued May 24,—Decided June 17, 1905.

Equitable petition.    Before Judge Mitchell.    Colquitt superior
court.    January 12, 1905.

In an equitable petition presented to the superior court of Col-
quitt county, the plaintiff below, Mrs. Dora L. Meredeth, asserted
ownership of a certain house and lot in the town of Moultrie,
alleging that she purchased and acquired title to the premises on
February 13, 1896, since which time she has been in possession
of the same.    Her complaint was as follows:    On November 3,
1896, while she was on a visit to North Georgia, the house and
lot were sold by the sheriff as the property of her husband, under
an execution issued against him from the county court of Col-
quitt county.    The premises were bid in at the sheriff's sale by
D. M. Reaves, who is seeking, through the sheriff, to dispossess
her.    Her property is not subject to the payment of her hus-
band's debt, and Reaves has no right to enforce the writ of pos-
session issuing from the county court; she has a family of chil-
dren, and has nowhere to go if deprived of the possession of her
home; and for this reason she is entitled to an injunction to pre-
vent her unlawful eviction by the sheriff, acting in behalf of
Reaves.    By an order of the court, passed subsequently to the
filing of the petition, N. C. Reaves, the wife of D. M. Reaves, was
substituted in his stead as the sole defendant.    An answer was
filed by Mrs. Reaves, in which she admitted that the plaintiff was
in possession of the premises, but denied that she was the owner
thereof.    By way of special defense the defendant averred:    In
the early part of 1896, W. J. Meredeth, the husband of the plain-
tiff, purchased of C. J. Kendall the lot to which she claims title,
and subsequently entered into a contract with A. B. Turner, a
materialman, for the furnishing of materials with which to erect
a dwelling on the land, which materials were furnished, and
Turner recorded his lien on the premises in terms of the law.
He subsequently sought to foreclose his lien.    Meredeth resisted
the effort, but the court rendered judgment to the effect that the
lien was valid and binding on the property.    It was sold by the
sheriff under this judgment, and the defendant became the pur-
chaser at the sale.    Thereafter one Wood rented the premises
from her, but failed to pay the rent.    She sued out a dispos-
sessory warrant against him, which was met with a counter-affi-
davit, and Meredeth appeared on the trial of the issue, with coun-

sel, and defended the suit, which resulted in her favor. After purchasing the property, Meredeth made a deed to it to his wife, but it was withheld from the records, the parties to it acting in collusion with a view to defeating the enforcement of the materialman's lien against the premises. Meredeth thereafter represented to different parties that he was the owner of the premises, and held himself out to the world as such by living thereon, his wife participating with him in practicing this deception. The plaintiff's real purpose in bringing the present action is to keep the defendant out of possession of· her premises, which she purchased in good faith and of which she is the true owner. On the hearing of the dispossessory warrant sued out against Wood, the plaintiff, claiming to be the owner of the house and lot, assisted Wood in presenting his defense, having previously induced him to attorn to her. The deed from Meredeth to his wife is a cloud upon defendant's title; plaintiff is hopelessly insolvent, and she should not be permitted to retain possession of the premises without furnishing a good and solvent bond conditioned to pay the rents thereof in the event the premises should be awarded to defendant.

The pleadings have heretofore been considered. See 120 *Ga.* 727. The case went to a trial on the merits, and the jury returned a verdict in favor of the plaintiff. The defendant excepts to the overruling of her motion for a new trial; and the plaintiff, by a cross-bill of exceptions, complains of various rulings made during the progress of the trial.

*J. D. McKenzie* and *Shipp & Kline*, for plaintiff Reaves.
*T. H. Parker* and *T. W. Mattox*, contra.

EVANS, J. (After stating the facts.) 1. The controlling issue in the case was whether or not Mrs. Meredeth, not her husband, was the purchaser of the lot from C. J. Kendall. It appears that on January 15, 1896, Kendall deeded the land in controversy to W. J. Meredeth, though the deed was not recorded till October 23, 1900, and that on March 13, 1896, Meredeth conveyed the land to his wife, this latter conveyance being recorded on July 15th of the same year. The plaintiff introduced testimony to the following effect, in explanation of how she acquired title: She was the owner of several cows, and authorized her husband to trade

them for a suitable lot in Moultrie, saying to him that she wanted a home, and that a poor home was better than none at all. Her husband concluded a trade with Kendall for the lot in dispute, telling him the cows belonged to Mrs. Meredeth and she wanted the deed to the lot made to her, as she was also to furnish the sum of money agreed on as constituting, in addition to the cows, the consideration of the purchase. By the mistake of the lawyer who prepared the deed, Meredeth was therein named as the vendee, and for that reason he objected to the deed, but took it home and read it over to his wife. She said she would not have it, and told her husband to take it back to Kendall and have him execute a conveyance to her. Meredeth undertook to carry out his wife's instructions, but the lawyer told him he could make a deed to his wife, and prepared the deed to her which he signed. She furnished the whole of the consideration for the sale of the lot.

The defendant introduced Kendall as a witness. His recollection was not clear as to what was said when the trade was made as to the deed being made to Mrs. Meredeth, but he understood Meredeth to say the deed should be made to him. Witness was informed by Meredeth that the cows belonged to his wife; he paid ten dollars at the beginning of the trade, and gave his note for five dollars, saying nothing as to whose money it was; when the deed was delivered to him, nothing was said about it not having been made to his wife, but several months afterwards he brought it back to the witness.

In view of this evidence, a finding that the lot was really bought and paid for by Mrs. Meredeth was fully warranted. In the further discussion of the case we will therefore treat her as the owner of the premises, giving effect to the finding of the jury upon this issue.

2. The materialman's lien filed by Turner was asserted and foreclosed against " Jackson " Meredeth as the owner of the land upon which the improvements were made. Mrs. Meredeth was not a party to the foreclosure proceeding, and therefore was not bound by the judgment therein rendered. On March 13, 1896, not only was she the equitable owner of the land, but she at that time held the legal title thereto. It does not appear when the materials with which to build the house were furnished by Turner, but it was some time prior to June 6, 1896, the date on

which he filed his lien. His right to assert a lien on the premises improved was therefore governed by the law as it stood at that time (Civil Code, § 2801), and not by the act of December 19, 1899 (Acts of 1899, p. 33), amending that section. As Mrs. Meredeth was the "true owner" of the premises, statutory notice of the assertion of a lien should have been served upon her, as such true owner, and the lien should have been filed and enforced against her, not against her husband. *Porter* v. *Wilder*, 62 *Ga.* 521, 527; *Gross* v. *Butler*, 72 *Ga.* 187; *Bullard* v. *Dudley*, 101 *Ga.* 299. Such a lien being in derogation of common-law right, the statute creating it is to be strictly construed, and the provisions of the statute are to be strictly complied with. *Gross* v. *Butler*, supra; *Seeman* v. *Schultze*, 100 *Ga.* 603.

3. It only remains to inquire whether or not Mrs. Meredeth is estopped from asserting ownership of the property. Though she may, as owner, have assisted Wood in defending the dispossessory warrant sued out against him, she was not a party to that proceeding, and the decision therein rendered in favor of Mrs. Reaves in no way affected the question as to whether she or Mrs. Meredeth was the real owner of the premises. Doubtless that decision was put on the ground that Wood could not dispute the title of his landlord; but be this as it may, there is no estoppel by judgment as against Mrs. Meredeth, she not having been a party to the case. Nor, under the evidence submitted, was she estopped by her conduct, so far as Turner, the materialman, was concerned. Although she knew that improvements were being made on her land by her husband, she was under no legal duty to put Turner on notice that she was the owner of the premises. *Rice* v. *Warren*, 91 *Ga.* 759. He could not complain that she failed to sooner record her deed; for, as to him, she was under no obligation to do so. She did nothing and said nothing to mislead him into the belief that her husband owned the land. The deed from Kendall to her husband was not put on the record until 1900; so Turner could not have relied on the record title being in Meredeth; and it does not appear that he made to Turner any representations as to the ownership of the property, either at the time the materials were purchased or subsequently. Turner evidently took it for granted that Meredeth owned the land, without making any inquiries to find out what was the truth in this re-

gard. No materialman's lien against the land has ever been asserted against it as the property of Mrs. Meredeth, the true owner; the judgment in favor of Turner was binding only upon her husband, and the effect of the sale had thereunder was simply to divest whatever interest he had in the premises. The purchaser, under the doctrine of caveat emptor, can claim to occupy no better situation, relatively to Mrs. Meredeth, than that occupied by Turner, the materialman, who failed to properly pursue his statutory remedy. Accordingly, the court did not err in charging the jury that if they believed the land really belonged to her, and the deed to her from her husband was executed before the judgment against him was rendered, then she would be entitled to recover. As already pointed out, she held the legal title to the premises long before Turner attempted to assert his lien.

*Judgment on main bill of exceptions affirmed; cross-bill of exceptions dismissed. All the Justices concur, except Simmons, C. J., absent.*