### 7974. JONES *v.* TRAYNHAM.

WADE, C. J.: 1. This was an action to foreclose a statutory lien on real estate for a sum alleged to be due for building material sold to a contractor, to be used in the improvement of the property (Civil Code of 1910, § 3352, subsection 2). It is undisputed that the owner of the real estate improved was in exclusive possession of the property, where she resided with her son, and had full knowledge that her son was having a garage erected thereon, and that she entered no objection to the making of this substantial improvement, which inured to her benefit. While "the title of the true owner of land can not be subjected to a lien for material, unless he expressly or impliedly consents to the contract under which the improvements are made" (*Reppard* v. *Morrison,* 120 *Ga.* 28, 47 S. E. 554), the jury in this case were authorized, from the recitals in the answer of the trial judge (as revised by agreement of counsel) and from the evidence as a whole, to infer that the defendant's son acted as her agent, and that contractual relations existed between her and the builder, by virtue of which the materials sold by the plaintiff to the builder were furnished.

2. It appears, from the answer of the judge of the municipal court to the petition for certiorari, that "there was no issue made upon the trial of the case that N. T. Jones [the son of the defendant who had the garage erected] was not the agent of Mrs. Ella D. Jones" [the defendant]. There being no issue as to this, either by the pleadings or by any definite evidence denying the authority of the defendant's son to bind her by the contract executed, and there being no request to charge on the subject of agency or on the existence or non-existence of contractual relations between the parties to the suit, as a basis for the foreclosure of the lien, there is no substantial merit in the various exceptions to the charge of the court, or in the other assignments of error. The judge of the superior court did not err in overruling the certiorari.

*Judgment affirmed. George and Luke, JJ., concur.*

DECIDED JUNE 27, 1917. REHEARING DENIED JULY 19, 1917.

Certiorari; from Fulton superior court—Judge Bell. October 11, 1916.

*Carl F. Hutcheson, J. Mallory Hunt,* for plaintiff in error.
*Charles T. & L. C. Hopkins,* contra.