15901. KOPPE & STEINICHEN *v.* RYLANDER *et al.*

BROYLES, C. J. 1. In a suit by a materialman, against the owner of real estate, to recover the amount of his claim of lien for furnishing material for the improvement of the real estate (the material being furnished through a contractor, or some other person than the owner of the real estate), where it appears, from undisputed evidence, that the owner received all the material charged for in the suit, had used the greater portion of it in the improvement of the real estate, had not returned any of it or made any complaint about it to the materialman, *and had paid the contractor, or other person at whose instance the material was furnished, more than the amount sued for by the materialman,* the owner of the real estate is estopped from setting up, as a defense to the action, that the materialman had not substantially complied with his contract. Especially is this true where upon the first trial of the action (the trial now under review being the second one) the sole defense interposed by the owner of the real estate was that the materialman was not entitled to recover the amount of his lien for the reason that the person at whose instance the material was furnished was not a contractor within the meaning of section 3352 of the Civil Code of 1910. See, in this connection, *Henderson Elevator Co.* v. *North Georgia Milling Co.,* 126 *Ga.* 279 (3, 5) (55 S. E. 50); *Acme Brewing Co.* v. *Rahr Sons Co.,* 10 *Ga. App.* 564 (73 S. E. 955); *Jones* v. *Traynham,* 20 *Ga. App.* 349 (1) (93 S. E. 154); *Howell* v. *Cordray,* 22 *Ga. App.* 195 (95 S. E.

762); *McCullough* v. *Armstrong*, 118 *Ga.* 424 (2) (45 S. E. 379).

2. Under the above-stated ruling (conceding that the amendment to the answer, setting up that the materialman had not substantially complied with his contract, was properly allowed, since all the material facts of the case, as stated above, were not disclosed by the pleadings), the court erred in admitting, over the timely and appropriate objections of the plaintiffs, evidence showing or tending to show that the plaintiffs had not substantially complied with their contract. See grounds 11 to 21 (inclusive) of the amendment to the motion for a new trial. The court erred also in refusing to give the requested charge upon the law of estoppel, set forth in ground 2 of the amendment to the motion for a new trial.

3. The errors pointed out in the immediately preceding paragraph make another trial of the case necessary.

    *Judgment reversed. Luke, J., concurs. Bloodworth, J., dissents.*

    DECIDED APRIL 15, 1925. REHEARING DENIED MAY 14, 1925.

Lien foreclosure; from city court of Americus—Judge Harper. August 16, 1924.

    Certiorari was granted by the Supreme Court.

    *Augustine Sams, Wallis & Fort,* for plaintiffs.

    *W. W. Dykes, R. L. Maynard,* for defendants.