## RYLANDER et al. v. KOPPE & STEINICHEN.

PER CURIAM. After consideration of this certiorari, the judgment of the Court of Appeals is

Affirmed. All the Justices concur, except Atkinson, J., dissenting, and Gilbert, J., disqualified.

No. 4952. MAY 15, 1926.

Certiorari; from Court of Appeals. 33 Ga. App. 686.

R. L. Maynard and W. W. Dykes, for plaintiffs in error.

Augustine Sams and Wallis & Fort, contra.

RUSSELL, C. J., concurring specially. This case has been twice tried in the trial court and twice has appeared in the Court of Appeals. 29 Ga. App. 41 (114 S. E. 81) ; 33 Ga. App. 686 (128 S. E. 69). The suit, brought in Sumter County by Koppe & Steinichen, was merely one of the essential steps in the foreclosure of a materialman's lien, one of the provisions of our statute being that in order to foreclose such lien suit must be brought within twelve months. In the first trial the defendants relied for defense upon the proposition that no such contractual relationship existed between the owners of the real estate improved and the person to whom the plaintiffs furnished material for its improvement, or such recognition of him by the owners as their agent, as entitled the plaintiffs to foreclose a materialman's lien against the property; and upon this contention the jury returned a verdict in favor of the defendants. The plaintiffs made a motion for a new trial, which was overruled. The judgment refusing a new trial was taken by writ of error to the Court of Appeals, where it was reversed, the court holding that the verdict in favor of the defendants was contrary to law and the evidence. Before the second trial the defendants amended their answer by setting up as a defense to the foreclosure of the lien that the plaintiffs were not entitled to foreclose the lien, for the reason that the materialmen had failed to comply with their contract as required by the terms of section 3353 of the Code of 1910, in order to entitle them to foreclose. Upon the trial of the case this defense was established to the satisfaction of the jury, who also returned a verdict for the defendants. The plaintiffs again made a motion for a new trial, which was refused; and this judgment was reversed by the Court of Appeals upon the ground that inasmuch as the evidence showed without dispute "that the owner received all the material charged

for in the suit, had used the greater portion of it in the improvement of the real estate, had not returned any of it or made any complaint about it to the materialmen, *and had paid the contractor, or other person at whose instance the material was furnished, more than the amount sued for by the materialman,* the owner of the real estate is estopped from setting up, as a defense to the action, that the materialman had not substantially complied with his contract. Especially is this true where upon he first trial of the action  .  .  the sole defense interposed by the owner of the real estate was that the materialman was not entitled to recover the amount of his lien, for the reason that the person at whose instance the material was furnished was not a contractor within the meaning of section 3352 of the Civil Code of 1910."

An owner of real estate who resists the foreclosure of a materialman's lien upon the ground that the material was not such as provided for by the contract, and thereby a failure to comply with the contract has resulted, may waive the right to assert, as a defense to the foreclosure, that the material furnished for the improvement of the owner's real estate was not of the character contracted for, and thereby be estopped to dispute evidence on the part of the materialman that the contract to furnish material had been fully complied with. Acceptance and use of such material without objection or complaint, and payment therefor to another instead of to the materialman, will authorize the conclusion that the owner waived his right to insist upon fuller compliance with the contract and thereby has estopped himself to defend the foreclosure of the lien upon that ground. The foregoing principle being fully recognized and very clearly stated in the decision of the Court of Appeals, there is no merit in the assignment of error presented by the petition for certiorari.