550

## Morris *v.* West *et al.*

Beck, P. J. M. filed an equitable petition against R., W., and D., alleging that W. claimed to be owner of a described lot of land which R. had conveyed to him, but which conveyance petitioner alleged was fraudulent; that petitioner "did work or labor which went towards the improvement" of the land, on which was located a house; that "the work was done at the premises at the instance of D., who was the general contractor upon the work;" that others were claiming liens against the property, which had been recorded; that a named corporation had a "loan deed of record against the same property, and that petitioner, because of his poverty, is unable to pay off the loan deed, which is a first and prior lien against the premises and superior to petitioner's lien for his labor;" and that "the defendant R. suffered petitioner and others to improve the property under a contract entered into between the said R. and the defendant D." Petitioner prayed that a receiver be appointed to take charge of the property described, to collect the rents and sell the property for the benefit of petitioner and others who had liens against the property; that the holder of the loan deed and W. be enjoined from altering the status of the property; and that all lienors be made parties to the suit; and for general relief. Defendants W and R. filed a general demurrer to the petition, which was sustained. and the plaintiff excepted. *Held*, that the court did not err in so ruling, inasmuch as there was no allegation that the work alleged to have been performed upon the premises "at the instance of" D. was in pursuance of any authority which the owner of the premises had conferred upon D.; and moreover there was no allegation of the value of the services, nor was there any prayer for judgment for any sum whatever, but the prayer was for general relief and for the appointment of a receiver to take charge of the property to collect the rents and sell it for the benefit of petitioner and others having liens. The petitioner could not assert against the property a lien merely upon the ground that the owner suffered work to be done on the premises, without showing that D. had authority to make improvements on the premises which authorized him to employ the plaintiff in the case to perform the alleged labor.　　　　*Judgment affirmed. All the Justices concur.*

No. 7516. May 16, 1930.

*F. L. Breen,* for plaintiff.　*Horace Russell,* for defendants.