24959. KREUTZ *et al* v. DUBLIN SASH & DOOR CO.

DECIDED MARCH 19, 1936.

*L. F. Watson, R. Earl Camp, W. A. Dampier,* for plaintiff in error.

*C. C. Crockett,* contra.

MacINTYRE, J. The Dublin Sash and Door Company instituted this action against Felder G. Kreutz as administrator cum testamento annexo, and M. R. Scarborough, contractor, to foreclose a materialman's lien on certain property of the estate represented by Kreutz, alleging that Kreutz was authorized to improve this property; that he made a contract with Scarborough to repair and rebuild the house which had been damaged by fire; that the plaintiff furnished to Scarborough material in the amount of $269.65, which was due and payable on May 1, 1932; and that on May 14, 1932, the plaintiff recorded and filed its lien for said amount against said property. To this petition the plaintiff offered an amendment setting up that the real owners of said property were Felder G. Kreutz, Fitzhugh Lee Kreutz, and W. H. Keith, a minor; that Felder G. Kreutz and Fitzhugh Lee Kreutz each owned a third undivided interest for life, and that Keith owned a third undivided interest therein in fee simple. In the amendment it was alleged: "Felder G. Kreutz was in charge of this property, representing himself and the owners of the other interests, and employed M. R. Scarborough as a contractor to furnish material and repair the building. The said owners employed the said contractor to furnish material and repair the building, and in pursuance of this contract between the owners and the contractors the said contractor purchased material from plaintiff in the sum of $269.65." The plaintiff prayed that the original petition be amended "so as to proceed against Felder G. Kreutz in his individual capacity; and that Fitzhugh Lee Kreutz and W. H. Keith, be made parties defendant to this action; and that a rule issue to them, appointing [requiring] them to show cause why they should not be made parties." The court, on October 17, 1933, issued a rule against the defendants, requiring them to show cause, on October 23, 1933, why they should not be made parties to the action. Under date of March 31, 1934, the following order appears in the record: "Upon hearing the rule it is ordered that the parties named be and they are hereby made parties defendant. Let service be made.

This Mch. 31, 34. J. L. Kent, Judge." Fitzhugh Lee Kreutz and W. H. Keith filed objections to being made parties, and alleged that the original petition was not amendable, in that there was not enough to amend by. It appears that by order entered thereon these objections were overruled on October 25, 1934. Felder G. Kreutz also filed a demurrer making similar objections, which were overruled on October 24, 1934. This demurrer also set up that the petition as amended set out no cause of action against him in his individual capacity. Fitzhugh Lee Kreutz and W. H. Keith filed a demurrer containing points similar to those contained in their objections to being made parties to the action, and further that the petition as amended set out no cause of action against them. Both demurrers appear to have been overruled on October 24, 1934, by order entered thereon. The case was tried, the jury rendering a verdict in favor of the plaintiff. Personal judgment was entered against Scarborough, and a judgment in rem against the property described. The defendants' motion for new trial was overruled, and they excepted.

■ F. L. Kreutz and W. H. Keith Jr. filed exceptions pendente lite to the overruling of their objections to being made parties, and the exceptions were certified by the judge on October 25, 1934. They filed also exceptions pendente lite to the overruling of their demurrer which were certified on the same date. Felder G. Kreutz filed exceptions pendente lite to the overruling of his demurrer, which were certified on October 30, 1934. It appearing that the order making Felder G. Kreutz a party to the action individually, and making Fitzhugh Lee Kreutz and W. H. Keith parties thereto, was passed, after a hearing on the rule, on March 31, 1934, in order properly to raise, on appeal, the question whether or not it was proper to make them parties and whether the petition was amendable, timely exceptions pendente lite should have been taken to that order; and exceptions pendente lite taken to the overruling of objections already foreclosed by the order of March 31, 1934, can not be considered by this court, as the exceptions were not taken within the proper time. Code of 1933, § 6-905.

■ The petition set out a cause of action. Code of 1933, § 67-2001, et seq.

■ The will was introduced in evidence, and it recited as follows: "And I expressly confer upon her [my executrix] the

power and full authority to sell any of my estate specially named to be sold now (for the purposes named herein) only at public or private sale, without any order of court. In the event any building or buildings should be burned or injured by fire, or destroyed or injured from any other cause, I hereby give my executrix the power to rebuild; and if no fund on hand or not of sufficient quantity to rebuild or repair or build new, I hereby give her the power to borry the money for said purpose and secure the repayment of the same, to mortgage or otherwise secure said loan by property upon which the repairs, rebuilding, or new building may be upon, binding the fee-simple title to said property, and to do this without order of court; this authority to exist until the date of the majority of Fitz Lee Kreutz." This gave authority to Felder G. Kreutz to represent the estate in repairing or rebuilding any property that was damaged by fire, and therefore any contract made for such purpose would bind the interest of the legatees in the property under the will; and this is true although one of the legatees was a minor. While there is evidence that at the time of the suit Fitzhugh L. Kreutz was 21 years of age, there is no evidence that he was 21 years of age at the time the contract to repair was made and when the materials were furnished. His becoming of age before suit would not defeat the lien, properly recorded. The evidence amply supported the verdict, and the judge did not err in overruling the motion for new trial.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*