RUTLAND CONTRACTING CO. *v.* SALLIE E. GAY ESTATE.

No. 14018.   FEBRUARY 11, 1942.

*Mitchell & Mitchell,* for plaintiff.

*Spalding, Sibley, Troutman & Brock* and *Sumter M. Kelley,* for defendant.

DUCKWORTH, Justice. All mechanics of every sort, who have taken no personal security therefor, shall, for work done and materials furnished in improving real estate of their *employers,* have a special lien on the real estate so improved. Code, § 67-2001. In subsection 2 of this section it is provided that when such work is done upon the employment of a contractor or some person other than the owner, the lien shall attach as against the owner, unless such owner shall show that the lien has been waived in writing, or produces a statement of the contractor, or other person at whose instance the work was done, that the agreed price or reasonable value thereof has been paid; provided that in no event shall the aggregate amount of lien exceed the contract price of the improvements made. Counsel for the plaintiff construe this subsection to give a lien to a person making such improvement under employment by persons other than the owner, when such persons are unauthorized by the owner to make such contract of employment. The entire statute is dependent upon consent of the true owner, and subsection 2 is predicated upon the existence of authority from the owner to the contractor or other person to have the improvement made. This is shown by the provision therein that in no event shall the aggregate of liens exceed the contract price. Where a stranger to title or other person contracts or employs a third person to make improvements, the owner of the land is not bound to disclose to such third person the fact of his ownership, and such third person has no lien on the land. *Callaway* v. *Freeman,* 29 *Ga.* 408; *Rice* v. *Warren,* 91 *Ga.* 759 (2) (17 S. E. 1032) ; *Reppard* v. *Morrison,* 120 *Ga.* 28 (45 S. E. 554) ; *Reaves* v. *Meredeth,* 123 *Ga.* 444 (3) (51 S. E. 391) ; *Picklesimer* v. *Smith,* 164 *Ga.* 600 (139 S. E. 72) ; *Morris* v. *West,* 170 *Ga.* 550 (153 S. E. 361) ; *Georgia State Savings Association* v. *Wilson,* 189 *Ga.* 21 (5) (5 S. E. 2d, 14). The petition in the present case showing that Sallie E. Gay Estate was the holder of the legal title under a deed to secure debt, before any improvements were made, that the grantor in the security deed had no authority from the Sallie E. Gay Estate to contract with the petitioner for the improvements, and that by foreclosure of the security deed the

Sallie E. Gay Estate had acquired unconditional title, under the above authorities the petitioner has no lien on the land, and the petition was subject to the general demurrer. The facts pleaded do not bring the present case within the rulings in the following cases upon which petitioner relies: *Warner* v. *Hill,* 153 *Ga.* 510 (112 S. E. 478); *Raines* v. *Clay,* 161 *Ga.* 574 (131 S. E. 499); *Williams* v. *Brewton,* 170 *Ga.* 164 (152 S. E. 441). The knowledge of the owner that the improvements were being made, and failure to object to the same, affords no ground for giving a lien upon the land. The solvency of Briarwood Inc. was a matter for petitioner to determine before extending credit, and it was petitioner's right, if it so desired, to take the risk of collecting from Briarwood Inc., according to their contract; and the inability of Briarwood Inc. to pay constitutes no ground for placing a lien on the land, when the owner had no connection with the contract between those parties.

*Judgment affirmed.* All the Justices concur.