## CAMPBELL *v.* CAMPBELL.

No. 14273. NOVEMBER 13, 1942.

*J. E. Chapman Jr.,* and *Roy S. Levinson,* for plaintiff in error.
*Foley & Chappell,* contra.

REID, Chief Justice. █ The defendant in error urges that the writ of error be dismissed, because (1) the overruling of the objection to deposition of the plaintiff (which was challenged on the ground that it did not contain a certificate of the reasons for taking it) was not controlling of the verdict, so as to authorize review by direct bill of exceptions; and because (2) the assignment of error that the verdict is contrary to law, contrary to the evidence, and entirely without legal evidence to support it does not present any matter for adjudication by the Supreme Court without a motion for new trial. She further contends, that in this first trial of a divorce case the ruling on the objection to the deposition was made on the call of the case before submission to the jury, and not at the conclusion of the evidence; that there is no assumption that the deposition constituted all the available proof; and that in the event the motion had been sustained she would have been at liberty to use other proof or testify in person.

In *Rorie* v. *Rorie,* 132 *Ga.* 719, 723 (64 S. E. 1070), it was held: "Where suit was brought for a total divorce, and on the first trial the presiding judge directed a verdict for the plaintiff, the defendant could bring such ruling to this court for a review by direct bill of exceptions." In the opinion this court through Lumpkin, J., said: "The first verdict is not a mere interlocutory ruling entering into or leading up to the second trial, and as to which a bill of exceptions pendente lite should be filed. If unreversed it stands as final, though its effect is not to grant a total divorce until the second verdict is rendered. The two trials are conducted as distinctly as if they were based on two separate suits."

This court, in answer to a certified question in *Lyndon* v. *Georgia Railway & Electric Co.,* 129 *Ga.* 353 (58 S. E. 1047), held: "1. Where the case brought to this court or the Court of Appeals is not one in which a judgment on a motion for new trial is to be reviewed, the plaintiff in error shall plainly and specifically set forth the errors alleged to have been committed. 2. If exception is taken to a final judgment as being erroneous in itself, the assignment of error should specifically set forth the error or errors in it which are complained of. 3. If the ruling or decision complained of as erroneous is one preceding the final judgment, and if it is specifically made the subject of exception and of proper assignment of error, and the final judgment is excepted to, not because of additional error in it, but because of the antecedent ruling complained of, which entered into and affected the further progress or final result of the case, a general exception to the final judgment and an exception to and a specific assignment of error on the antecedent ruling will suffice, relatively to the point now under consideration, to give the reviewing court jurisdiction." See *Petty* v. *Bryant,* 188 *Ga.* 102 (2 S. E. 2d, 910); *Cheatham* v. *Palmer,* 191 *Ga.* 617 (13 S. E. 2d, 674); *Atlanta Banking & Savings Co.* v. *Chastain,* 150 *Ga.* 640 (104 S. E. 628). In the present case it affirmatively appears that there was no evidence other than the deposition, which was specified in the bill of exceptions and incorporated in the record. The action of the trial court in refusing to sustain the exceptions to the deposition was, in effect, to allow its use in evidence. If such ruling was before the submission to the jury, it would have been mere repetition for a ruling to have been invoked on the same point at the conclusion of the

evidence. We can not speculate that, in the event the objections to the deposition had been sustained, the plaintiff could or would have used other evidence or testified in person. The record as we find it shows that the plaintiff relied exclusively on her deposition. It was solely upon such evidence that the jury rendered its verdict in her favor. Necessarily it must follow that, if the deposition was erroneously in evidence on account of the antecedent ruling, there could have been no basis whatever for the verdict as rendered. The fact that on the trial the defendant's counsel suggested to counsel for the plaintiff that he read only a sufficient portion of the deposition to make out a prima facie case did not amount to a waiver or estoppel of his right to insist on his exception to the ruling on the deposition. Under the circumstances the ruling of the court was controlling of the verdict.

Where the ruling of the trial court necessarily controls the verdict, the right of review by bill of exceptions, without a motion for new trial, is not precluded because the action of the judge, which in effect controls the case, was not erroneous. *Slade* v. *Slade,* 155 *Ga.* 851 (118 S. E. 645).

Applying the foregoing principles, the motion to dismiss the writ of error must be overruled.

■ What is said in the foregoing division on the motion to dismiss the writ of error is concurred in by all the Justices. But on the question whether or not the trial judge erred in overruling the defendant's objections to the deposition of the plaintiff, and in refusing to suppress the deposition, this court is evenly divided, Reid, C. J., Bell, P. J., and Jenkins, J., being of the opinion that the action of the trial judge was not reversible error, and Grice, Duckworth and Hewlett, JJ., being of the opinion that the ruling should be reversed; and there being no other questions for decision, the judgment stands                    *Affirmed.*