19889. HARRIS *v.* PARHAM *et al.*

SUBMITTED NOVEMBER 12, 1957—DECIDED JANUARY 10, 1958.

*Preston L. Holland, Holland & Lea,* for plaintiff in error.

*Northcutt & Edwards, James A. Wofford, Preston L. Holland, Robert W. Cagle, James L. Thompson, J. W. Huff,* contra.

HEAD, Justice. The record in this case contains a formidable mass of pleadings and orders, and many legal questions might be considered. However, since the litigants have agreed as to the sole question for consideration by this court, we will confine ourselves to this question. The plaintiff in error in his brief states: "Plaintiff in error contends that the sole question for decision is the respective priority of claims of materialmen, on the one hand, and of the priority of a loan deed on the other, to the proceeds of the sale of real estate in the hands of the receiver." In the brief of W. M. Parham, defendant in error, it is stated: "The sole question is whether or not, under the facts above stated and appearing in the record, the laborers and materialmen have priority."

The defendant in error asserts in his brief that the question of priority raised by the plaintiff in error has been adjudicated by the overruling of his renewed motion to strike, and that this ruling has become the law of the case because there is no exception thereto in the bill of exceptions. The exception to "all the rulings of the court", appearing after the recital as to the order denying the renewed motion to strike, is sufficient to prevent the question of priority of claims being settled by the law of ·

the case.

The petition for injunction and receivership, as amended, was sufficient to authorize a court of equity to grant such prayers, and the trial court's action in granting an injunction and appointing a receiver (retaining the question of the priority of claims to the funds realized by the sale of the property), is affirmed.

The deed to secure debt from Bailey to Harris was executed May 9, 1955, and recorded August 26, 1955. It contained the language: "Permission is hereby granted for purchaser to begin construction of two houses on this property as soon as suitable financing can be arranged." The claim of lien of W. M. Parham was recorded October 10, 1955; those of C. M. Howard, November 9, 1955; that of Harold F. and Fred C. Haynes, September 22, 1955; and that of N. B. Estes, October 15, 1955. No question can thus be made as to any notice of the liens of the materialmen by the holder of the security deed at the time of the execution of the deed, and the only question is whether or not the holder of the security deed waived his right to insist on the priority of his deed.

It is the general rule that: "Where title to real estate is conveyed by duly recorded deed to secure debt, and the grantee takes the deed and advances the money loaned, without notice of a materialman's claim of lien upon the property, and before the record thereof, the title thus acquired is superior to such lien." *Picklesimer* v. *Smith*, 164 *Ga.* 600 (1) (139 S. E. 72), and cases cited.

In the briefs of both parties the legal arguments in regard to the priority of liens are centered around the case of *Williams* v. *Brewton*, 170 *Ga.* 164 (3) (152 S. E. 441), in which it was held: "Where the owner of land conveys it to another by warranty deed, and simultaneously takes from the purchaser a deed to secure the purchase-money, in which security deed the vendor in the deed first mentioned agrees that the vendee-purchaser shall have the right to place a permanent loan on the land conveyed and on a house to be erected thereon, not to exceed sixty per cent. of the appraised value of said house and lot, and further agrees that said vendee shall have the right to place a payroll loan on said lot not to exceed $1,500, the owner of the

lot (vendor in the first deed) in these circumstances consents to the improvement of the real estate by the purchaser, thus impliedly authorizes it, thus co-operates with the purchaser in its improvement, and is active and instrumental in having the real estate improved; and in such circumstances the liens of laborers for work done, and of materialmen for material furnished, in the improvement of the real estate are superior to the vendor's claim for the purchase-money secured by the deed of the purchaser."

There were two dissents in *Williams* v. *Brewton,* supra. This case was reviewed in *Georgia State Savings Assn.* v. *Wilson,* 189 *Ga.* 21, 29 (5 S. E. 2d 14), which was concurred in by all the Justices. It was held in the latter case that the rulings of the former case would not be extended, and it was stated: "We apprehend that many vacant lots are sold, with a part payment down, a deed to the purchaser executed, and a security deed to the vendor for the balance of the purchase-price, when the vendor knows that a dwelling is to be erected thereon. It is not uncommon to specify in the deed the character and minimum cost of the contemplated building. In such case it could be said that the vendor authorized the purchaser to make improvements thereon; but this is not enough to place the claim of a materialman above the rights of the holder of the security deed."

In *Rutland Contracting Co.* v. *Sallie E. Gay Estate,* 193 *Ga.* 468, 471 (18 S. E. 2d 835), which involved the priorities of the liens of the holder of a deed to secure debt and materialmen who had furnished materials for the improvement of the property, it was said: "The knowledge of the owner that the improvements were being made, and failure to object to the same, affords no ground for giving a lien upon the land."

In the present case the language in the deed to secure debt which granted permission to the purchaser to "begin construction of two houses on this property as soon as suitable financing can be arranged," shows that the holder of the deed had knowledge that improvements were planned for the property, but indicates that it was expected by the parties that another loan would be made, and not that materialmen would extend credit for materials furnished. There is nothing in this language waiving the priority of the lien of the security deed, which deed was recorded prior to the record of the materialmen's claims of liens.

The oral testimony shows no conduct on the part of the security deed holder which would preclude him from asserting his lien as being superior to the liens of the materialmen.

The trial judge erred in ruling that the liens of the materialmen were superior to the lien of Harris, the holder of the deed to secure debt.

*Judgment affirmed in part and reversed in part. All the Justices concur.*