39639. BRYANT et al. v. ELLENBURG et al.

DECIDED SEPTEMBER 6, 1962.

*Robert Edward Surles,* for plaintiffs in error.

*Archibald A. Farrar,* contra.

EBERHARDT, Judge. 1. Defendants in error have made a motion to dismiss the bill of exceptions on the grounds that a motion for new trial is a necessary prerequisite for testing the exclusion of evidence outlined above and that a direct bill of exceptions does not lie in this case. Under *Code* § 6-804, the direct bill of exceptions route may be taken only where the final judgment "necessarily has been controlled" by the prior rulings. As the Supreme Court has said, "The real question in such a case is whether a complaining party would have succeeded in his contention if the law had been as he contended. . . . The fact that in our opinion the plaintiff in error's view of the law is incorrect would not affect her right to have her bill of exceptions considered if the decision of the question controls or did control the result in the trial of the case." *Slade v. Slade,* 155 Ga. 851 (1), 855, 856 (118 SE 645). And see, for a similar case involving the exclusion of evidence, *Campbell v. Campbell,* 195 Ga. 15 (1) (22 SE2d 788). Thus the test is whether the prior ruling was "necessarily controlling" and not whether the ruling was right or wrong. The motion to dismiss the writ of error is denied.

2. Materialmen's liens arise under *Code* § 67-2001 (1), as amended, which provides in pertinent part: ". . . persons furnishing material for the improvement of real estate . . . shall each have a special lien on such real estate." Of course, a showing by the materialmen of actual use of the material in the improvement of the real estate will satisfy the statutory requirement of "furnishing." However, the problem here is that the materialman did not show actual use but attempted to show "furnishing" either by a delivery to the construction site or to

Ellenburg's agents who picked the material up for use. at the site. This question has not been definitely answered in this State and we do not find it necessary to reach it now.[1]

The controlling question here is whether or not the warranty deed has priority over any lien that the materialman may have.

Apparently, the cases have established four ways in which the grantee in a deed may lose his priority over a materialman's lien. They are where the grantee: (a) has actual notice of the claim of lien, *Ashmore v. Whatley,* 99 Ga. 150 (24 SE 941) (warranty deed); *Bennett Lumber Co. v. Martin,* 132 Ga. 491 (64 SE 484) (security deed); *Oglethorpe Savings &c. Co. v. Morgan,* 149 Ga. 787 (102 SE 528) (trust deed); see, Annot. 80 ALR2d 179, 224; (b) has constructive notice because the lien has been previously recorded, *Ashmore v. Whatley,* 99 Ga. 150, supra; (c) has consented to the making of the improvement either expressly or impliedly, *Williams v. Brewton,* 170 Ga. 164 (2), 168 (152 SE 441) and citations; or (d) has misled the materialman as to the ownership of the property, giving rise to an estoppel. See *Reaves v. Meredeth,* 123 Ga. 444 (3) (51 SE 391); *Georgia State Savings Assn. v. Wilson,* 189 Ga. 21 (7) (5 SE2d 14). Furthermore, there is a presumption of no notice to the grantee in a warranty deed, security deed or even a quitclaim deed. See respectively, *Williams v. Smith,* 128 Ga. 306 (1b) (57 SE 801); *Milner v. Wellhouse,* 148 Ga. 275 (1) (96 SE 566); *Marshall v. Pierce,* 136 Ga. 543 (4) (71 SE 893).

Here there is no contention that the grantee had any actual

---

[1]Compare *Burton v. Meinert,* 136 Ga. 420 (2) (71 SE 870) ("actual use" test) and *Chambers v. Williams Bros. Lumber Co.,* 80 Ga. App. 38 (3) (55 SE2d 244) ("delivery" and "use" test) with *Howell v. Cordray,* 22 Ga. App. 195 (95 SE 762) (owner estopped to deny use). Cf. *Koppe & Steinichen v. Rylander,* 33 Ga. App. 686 (128 SE 68), affd. 162 Ga. 300 (133 SE 236) (estoppel); *Christian v. Bremer,* 199 Ga. 285 (5) (34 SE2d 40) (Materialman need not show which of several parcels of real estate improved by furnished material where lien sought against all parcels. See Annot., 39 ALR2d 394).

or constructive notice. Plaintiff relies on the facts that the owner-grantor, Ellenburg, remained in possession and continued to construct the houses and that Ellenburg collected rents on one of the houses after it was completed. However, there is no showing that the grantee, Appliance Buyers Credit Corporation, knew that Ellenburg remained in possession and completed the buildings.

Even such a showing would probably not be enough because "Mere knowledge that improvements are to be made will not subject the title of the true owner to a lien for material." *Georgia State Savings Assn. v. Wilson,* 189 Ga. 21, supra, at 28. Furthermore, "The true owner, though cognizant that a stranger to the title is having improvements made on the premises, is under no legal duty to give to a materialman any information touching the ownership of the property. . ." *Reaves v. Meredeth,* 123 Ga. 444 (3), supra. See *Dwight v. Acme Lumber &c. Co.,* 186 Ga. 825 (2) (199 SE 173); *Rutland Contracting Co. v. Gay Estate,* 193 Ga. 468, 470 (18 SE2d 835) and citations; *Marshall v. Peacock,* 205 Ga. 891 (55 SE2d 354); *Harris v. Parham,* 213 Ga. 725 (101 SE2d 722); *Gignilliat v. West Lumber Co.,* 80 Ga. App. 652 (1) (56 SE2d 841).

Since there was no evidence to make a factual issue as to any of the four ways by which the grantee in the warranty deed could lose his priority over the unrecorded materialman's lien, it was not error to direct a verdict as to the defendant, Appliance Credit Buyers Corporation, or the intervenor, Payton.

3. However, the defendant Ellenburg was in default and made no effort to defend the case even though he was called as a witness. A verdict against him was demanded.

*Judgment affirmed as to Appliance Credit Buyers Corporation and Payton; reversed as to Ellenburg. Carlisle, P. J., and Russell, J., concur.*