39852. WILSON et al. v. HARRIS et al.

DECIDED MARCH 14, 1963—REHEARING DENIED MARCH 25, 1963.

*Cross, Hitchcock & Lee, Ray Y. Cross,* for plaintiffs in error.
*Divine & Busbee, W. T. Divine, Jr., E. Lewis Adams,* contra.

JORDAN, Judge. 1. The plaintiff's petition alleged in substance that the defendant Harris, a contractor, had entered into a contract with the defendants Wilson for the construction of a dwelling house on certain described real property owned by the Wilsons, the contractor being bound to furnish the labor and material for construction of the dwelling pursuant to the terms of said contract; that the plaintiff, a building material dealer, had furnished to Harris certain building materials to be used in the erection and construction of said dwelling, the value of said material being $1,197.26, which amount had not been paid by Harris, and that said amount is within the contract price of the contract between Harris and the Wilsons for the construction and erection of said dwelling; that plaintiff duly filed its materialman's lien within three months after said materials were furnished to Harris; and that demand had been made upon Harris for payment of the above amount which he has failed and refused to do. These allegations were sufficient to set forth a cause of action to enforce a materialman's lien under the provisions of *Code Ann.* § 67-2002 and the trial court did not err in denying the oral motion to dismiss the petition. *Kreutz v. Dublin Sash &c. Co.,* 53 Ga. App. 50 (2) (184 SE 908).

2. The evidence adduced on the trial of this case disclosed that,

while the dwelling which was the subject matter of the contract between the defendants was being constructed, a dispute arose between Harris and the Wilsons in regard to the progress of construction and the apparent inability of the contractor to finish the construction within the agreed contract price. At this time the amount of $751.12 was due to the plaintiff for material furnished the contractor and, as a result of a conference between the attorney for the Wilsons and a representative of the plaintiff, this amount was paid; and according to the plaintiff's evidence the Wilsons' attorney, acting as their agent, stated to the plaintiff's representative that the Wilsons were "going on with Harris" for the completion of the construction and that, if the plaintiff would continue to furnish the materials ordered by Harris, the Wilsons would see that the bills were paid. The evidence for the plaintiff further showed that the plaintiff, acting in reliance on said representation, continued to honor the account of the contractor, and incurred the indebtedness sued for. While this evidence was contradicted by that offered by the defendants, the same was sufficient to authorize the finding that the Wilsons were estopped to deny the right of the plaintiff to enforce its lien against their property, see *Howell v. Cordray*, 22 Ga. App. 195 (1) (95 SE 762); *Bailie v. Woodward Lumber Co.*, 141 Ga. 806 (82 SE 232); *Koppe & Steinichen v. Rylander*, 33 Ga. App. 686 (128 SE 68); s.c. aff. on cert., 162 Ga. 300 (133 SE 236); and the verdict being authorized by the evidence, the trial court did not err in denying the defendants' motion for judgment notwithstanding the verdict and their motion for new trial on the genreal grounds.

3. The first ground of the amended motion for new trial, which assigns error on the admission of certain testimony on behalf of the plaintiff over the objection of the defendants, does not require consideration, since the record in this case discloses that substantially the same testimony as that objected to in this ground was subsequently admitted into evidence without objection. *Hart v. State*, 53 Ga. App. 365, 366 (186 SE 152).

4. As pointed out in Division 2 of the opinion, the evidence was sufficient to authorize the jury to find that the defendants were estopped to deny the right of the plaintiff to enforce its lien in

512

this case. The trial court did not err therefore, as contended in special ground 3, in giving in charge to the jury the contention of the plaintiff in regard to the issue of estoppel and in giving to the jury appropriate instructions thereon.

5. Under the ruling of this court in *Roberts v. Georgia Sou. Supply Co.*, 92 Ga. App. 303 (1) (88 SE2d 554), the trial court did not err in charging the jury that the defendant owners would not be entitled to any credit on the contract price, plus the extras if any, for any defective workmanship on the part of the defendant contractor which had not been corrected or done as of the date of the trial. As stated in the *Roberts* case, page 307: "The owner cannot avail himself of the defense of what it might cost to finish an uncompleted contract, as no such estimate constitutes a lien." Likewise, it was not error as contended in special ground 2 in refusing to allow a witness for the defendants to testify in regard to the cost of re-doing certain alleged unsatisfactory work on the part of the contractor as the evidence showed that the same had not been done at the date of the trial.

*Judgment affirmed. Nichols, P. J., and Frankum, J., concur.*