53031. WHITE v. ROME BANK & TRUST COMPANY et al.

SUBMITTED NOVEMBER 2, 1976 — DECIDED NOVEMBER 12, 1976.

*Elizabeth Brown,* for appellant.

*Jones & Robbins, Frank H. Jones, Rogers, Magruder & Hoyt, Wade C. Hoyt, III, Smith, Shaw, Maddox, Davidson & Graham, Groze Murphy, Jr.,* for appellees.

DEEN, Presiding Judge.

The language most supportive of the appellant's position that his materialman's lien should be accorded priority over the appellee's prior recorded security deed is found in *Williams v. Brewton,* 170 Ga. 164 (3) (152 SE 441). We note however that the ruling in *Williams* has been specifically limited to the unique facts of that case. *Ga. State Savings Assn. v. Wilson,* 189 Ga. 21, 28 (5 SE2d 14). And in the appeal sub judice, as was the case in *Wilson,* ". . . we are not confronted with an instance where an owner sells a parcel of real estate and writes into his deed a consent that a permanent loan be placed thereon, a house be erected thereon, and a pay-roll loan be placed thereon." *Ga. State Savings Assn. v. Wilson,* supra, p. 27.

The facts here are that the appellee was approached by the owners of property to secure a loan in order to build a restaurant thereon; the appellee as lender received back a security deed to protect itself. The appellee never was consulted by the appellant, whose contract for plumbing was entered into some two months after the security deed was filed and was with the general contractor for the restaurant. The appellant's materialman's lien was filed some eleven months after the appellee's security deed after the job was completed and he had not been paid. "Although the holder of the security deed has co-operated with the grantor therein in plans for the improvements, or even if he has been active and instrumental in having the improvements made, we believe the sounder rule to be that some definite and affirmative act on his part, communicated to the materialman and by the latter acted upon, is necessary before the rights of the holder of the security deed will be affected, in the absence of an antecedent unrecorded lien of the materialman, or actual notice on the part of such holder of the unrecorded

materialman's lien at the time of the execution and record of the deed." *Ga. State Savings Assn. v. Wilson,* supra, p. 28.

Construing the evidence most strongly in the appellant's favor, as we must do on summary judgment, it is clear that the most that has been shown is knowledge on the appellee's part that the property to which it accepted a security deed as security for its loan would be improved by the construction of a restaurant. "Mere knowledge that improvements are to be made will not subject the title of the true owner to a lien for material. He must expressly or impliedly consent 'to the contract under which the improvements are made,' " and therefore summary judgment to appellee must be affirmed "upon application of the principle that where title to real estate is conveyed by a duly recorded deed to secure debt, and the grantee takes the deed and advances the money loaned without knowledge or notice of a materialman's lien, and before its record, the title thus acquired is superior to such lien." *Ga. State Savings Assn. v. Wilson,* supra, p. 29.

*Judgment affirmed. Webb and Smith, JJ., concur.*